FRANK SIGMOND, et al., Appellants, v. MARY M. BEB-
BER, et al., Appellees.

**Appeal:** HARMLESS ERROR. Plaintiffs could not be harmed by an order requiring their petition to be made more specific, but not changing the effect of the original averments, where a demurrer was sustained to the petition as amended, because not stating a cause of action.

**Executors and Administrators:** JURISDICTION TO ORDER SALE. An order directing an administrator to sell the real property, including the homestead, to pay claims against the estate, though erroneous, is not void for want of jurisdiction.

*Appeal from Linn District Court.*—HON. WILLIAM G. THOMPSON, Judge.

SATURDAY, JANUARY 22, 1898.

THE following are the material averments of the petition as amended: The plaintiffs are the children and heirs of Christopher Sigmond, deceased, who died testate December 10, 1894, seized of about one hundred and seventy-two acres of land, which included a homestead of forty acres. By his will he devised to his widow, now defendant Mary M. Bebber, the control and possession of all his property, real and personal, as long as she should live and remain his widow, with a right of disposal, except as to the real estate, which under no circumstances was to be sold or mortgaged, except that, in the event of the marriage of his widow, then all the property was to be sold, real and personal, the widow to take one-third, and the balance to go to his children in a manner specified. It further appears from the petition that the widow was duly appointed administratrix of the estate; that she did not elect to take according to the law, and waive the provisions of

the will in her favor; that in October, 1887, as adminis-
tratrix, she applied to the court for an order to mort-
gage all of said real estate for the payment of the debts
of the estate; that plaintiffs were duly notified of such
application, and a guardian *ad litem* appointed for
the minors, and upon the hearing the order was made
to mortgage it for the sum of one thousand, three hun-
dred and fifty dollars, which was done; that in October,
1888, the administratrix presented an application to
the district court to sell all of said land for the purpose
of paying the claims against it, of which application
plaintiffs had notice, and a guardian *ad litem* was
appointed for the minors, who answered, and, upon the
hearing, the order for a sale was made, and all of the
land was sold for the sum of three thousand, two hun-
dred dollars, and the sale was approved by the court;
that defendant James Bruce was the purchaser of the
land, and the title has passed from one to another of the
defendants, until it rests in defendant Spottswood, all
of the purchasers being parties defendant. The relief
asked is that the sale of the land be set aside so far as
the homestead forty is concerned, and canceling the
record thereof. To the petition there was a general
demurrer, which the court sustained, and, the plaintiffs
electing to stand on their petition, a judgment was
entered, from which they appealed.—*Affirmed.*

*Moses & Burr* for appellants.

*Griffen & Voris* and *W. F. Fitzgerald* for appellees.

GRANGER, J.—I. The defendants, aside from Mary
M. Bebber, who was the widow of Christopher Sigmond,
deceased, are the respective purchasers of the land, in
pursuance of the sale by her as administratrix, and one
Mary Holub, a daughter of the testator, who had received
her proportion of the estate as an advancement, and

she filed a disclaimer of any interest in the land, and hence has no further interest in the suit. During the adjustment of the pleadings, the court required the plaintiffs to make the petition more specific in certain particulars, on motion of defendants, and complaint is now made of such rulings. The effect of the rulings was to add to and not take from the petition, so that all remains upon which plaintiffs rely to state a cause of action. Nothing added in pursuance of the motions in any way changes the legal effect of the averments relied on by plaintiffs, and as the petition, when amended, was tested, as to its sufficiency, by demurrer, there could have been no prejudice because of the rulings on the motions. The objection to the petition is, as shown by arguments, that it does not state facts sufficient to show a cause of action, and, as we have said, the rulings on the motions took nothing from the petition.

II. This is a direct, and not a collateral, proceeding. It may be conceded that, if the judgment of the court, ordering the sale of the land to pay the mortgage debt, is open to attack in a proceeding other than the one in which it was rendered, this is a proper one. The relief sought is based on a claim that the order of sale made by the district court is void, so far as the homestead is concerned, because of the provisions of the law that the homestead descends to the heirs, and is not liable for the payment of debts of the estate. That rule may be conceded, but we do not understand its operation to defeat the jurisdiction of the court to determine the question, if such an order is sought. In determining the jurisdiction of the court, as to subject-matter, we do not inquire what the law is on the subject, or what the holding should be, but the inquiry is, has the court authority to hear and determine the question? "Jurisdiction" is thus defined: "Jurisdiction is the authorty by which judicial officers

take cognizance of and decide causes, or, as it has been most frequently defined, the power to hear and determine the cause. The definition, thus limited, implies that, if a court having power to hear and determine a cause enters a judgment therein, the validity of such a judgment is not affected by the power of the court to enter the judgment in question." 12 Am. & Eng. Enc. Law, 244. No modification of this general rule in any way affects the case before us. Great stress is placed on the claim that the law gives no authority for the court to make an order to mortgage real estate for the payment of the debts of an estate, and it is said that, because of such want of authority, the action of the court in making such an order is void, and, as we understand, because such order was void, the making of the order to sell the land to pay the mortgage is void, and especially so as to a homestead. We cannot understand how the order for the mortgaging of the land can in any way affect the jurisdiction of the district court to order the sale. The application for the order of sale stated the purpose of the sale, and the whole question was before the court. Nothing more can be said than that the administatrix asked an order of sale for a purpose not authorized by the law. If so, it was the duty of the court to have denied the order, but not to dismiss the application, because without jurisdiction to determine the question. The determination of the question is precisely what the court should have done, and, had it denied the order, no one would say that it had not jurisdiction to do so. The jurisdiction is as complete for a decision one way as the other, but a decision one way would not be legal, while the other it would. Such an illegality would merely involve error in an authorized proceeding, while an absence of jurisdiction as to subject-matter would nullify the proceeding for any purpose. Appellant cites us to such cases as *Deery v. Hamilton*, 41 Iowa, 16; *McMannis v. Rice*

48 Iowa, 361; *Wetherill v. Harris,* 67 Ind. 452.  A reference to the cases will show they do not bear on the question of jurisdiction, as involved here.  In the *McMannis Case,* the court held that an application for an order to sell real estate by a guardian did not give the court jurisdiction to make an order to mortgage the land.  That was because no proceeding was pending for such a purpose, and the parties were not in court on such an issue.  It is not a holding that the court would not have had jurisdiction of the subject-matter had its action, in that respect, been invoked.  That the district court had jurisdiction in the matter of the application to sell the real estate, with the parties in court, we have no doubt.  If so, the remedy of those not satisfied was by appeal.  The facts, now claimed, as ousting the court of jurisdiction, if available at all, could have been pleaded in defense, or presented in the way of objections to the granting of such an order.  In Freeman, Judgments (2d ed.) 249, it is said:  "An adjudication is final and conclusive, not only as to the matter actually determined, but as to every other matter which the parties might have litigated and have had decided, as incident to, or essentially connected with, the subject-matter of the litigation, and every matter coming within the legitimate purview of the original action, both in respect to matters of claim and defense."  We cited this rule in *Donahue v. McCosh,* 81 Iowa, 296.  See, also, *Lamb v. McConkey,* 76 Iowa, 47, and *Phillips v. Gephart,* 53 Iowa, 396.  As to the homestead feature, the order would be no more void, because without authority to make it, than would a judgment declaring a lien on a homestead that the law exempted it from.  In *Collins v. Chantland,* 48 Iowa, 241, it is held that, where such a lien was established, and the party was in court and failed to make the defense, he could not resist the enforcement of the judgment upon the ground that the property was exempt from the lien.  It is said

in that case: "Any defense which he had to the claim for a lien made against him should have been made in that action.   *   *   *   The question of the lien is *res judicata*. His ignorance of his rights at the time the judgment was rendered is no ground for setting it aside." There is no claim of fraud in obtaining the order of sale. With jurisdiction of the parties and the subject-matter the remedy of plaintiff was by appeal in that action. *Central Iowa Railway Co. v. Piersol*, 65 Iowa, 498. The rule is universal, we think. The judgment will stand AFFIRMED.