STATE OF IOWA ex rel. BLANCHARD W. PRESTON, County Attorney, Petitioner, v. D. W. HAMILTON, Judge, et al., Respondents.

JUNE 26, 1928..

*Blanchard W. Preston*, County Attorney, for petitioner.

No appearance for respondents.

KINDIG, J.—On the 28th day of September, 1927, a county attorney's information was filed in the office of the clerk of the

Mahaska County district court, charging T. E. Wilson with the crime of illegal possession of intoxicating liquor. That "information" was duly signed and verified, and contained the names of the witnesses, together with the minutes of their testimony correctly indorsed thereon. In addition to this, the document was properly approved by a judge of that court. All preliminary steps were regularly taken in the cause, and finally the case came on for hearing in the court below; whereupon the defendant entered a plea of "guilty" to the charge made. As a result thereof, the court entered the following judgment:

"Now, on this 28th day of September, 1927, * * * the above named defendant, charged by county attorney's information with the crime of having possession of intoxicating liquor, pleads guilty in writing, saying therein that he has been informed of his right to counsel, and therein waives formal arraignment, says he is informed against by his right name, waives time, and asks that judgment be now pronounced.

"Thereupon the court informs him of the nature and character of the offense charged, and of his plea of guilty thereto; and the defendant is asked as to whether there is any legal reason why judgment should not now be pronounced, and there being none, it is the judgment of the court * * * that the said defendant pay a fine of $300 and costs of suit, and that he be confined in the jail of Mahaska County, Iowa, for the period of three months.

"Judgment is hereby rendered accordingly; and bond on appeal is fixed at $1,000. The foregoing judgment is suspended during good behavior, on condition that defendant pay the costs of this suit.

"And the clerk of the district court of Mahaska County, Iowa, is hereby ordered to enter of record this judgment and proceedings leading up to the same, as required by the statutory law of the state of Iowa. To all of which the defendant excepts. D. W. Hamilton, Judge."

Wilson paid the costs, and it is claimed by the petitioner that the "suspension" portion of said judgment is void, for the reason that the district court had no jurisdiction to make that part of it. This is the only question to be determined by us.

A basis for the solution of this problem will be found in the Constitution and statutes of Iowa.

I. The 1927 Code contains the following applicable sections:

"1924. No one, by himself, * * * shall, for himself or any person else, directly or indirectly, or upon any pretense, or by any device, * * * keep for sale, or have possession of any intoxicating liquor, * * * or own, keep, or be in any way concerned, engaged, or employed in owning or keeping, any intoxicating liquor with intent to violate any provision of this title * * * ."

"1926. Whoever is found guilty of violating any of the provisions of the second preceding section [1924] shall be punished as a bootlegger as provided in this chapter."

"1927. * * * a bootlegger * * * shall be fined not less than three hundred dollars nor more than one thousand dollars and be imprisoned in the county jail not less than three months nor more than one year."

Those were the provisions under which Wilson was informed against and sentenced.

II. Section 16 in Article 4 of the Constitution provides:

"The governor shall have power to grant reprieves, commutations, and pardons, after conviction, for all offenses except treason and cases of impeachment, subject to such regulations as may be provided by law. * * * He shall have power to remit fines and forfeitures, under such regulations as may be prescribed by law; and shall report to the general assembly, at its next meeting, each case of reprieve, commutation, or pardon granted, and the reasons therefor; and also all persons in whose favor remission of fines and forfeitures shall have been made, and the several amounts remitted."

No one but the governor, under our system of government, has the power, right, or authority to thus remit, reprieve, commute, or pardon. *State v. Voss*, 80 Iowa 467; *Miller v. Evans*, 115 Iowa 101. See, also, *McKay v. Woodruff*, 77 Iowa 413; *Gunn v. Mahaska County*, 155 Iowa 527; *State ex rel. Hammond v. Hume*, 193 Iowa 1395; *Hall v. Wheeler*, 196 Iowa 100; *Ex parte United States*, 242 U. S. 27. *State v. Voss*, supra, contains this phraseology:

"The condition of the judgment [due to the suspension clause] puts its execution wholly within the discretion of the court below, whether that discretion be exercised with or without justice or reason. If it be the pleasure of that court, process may never be issued upon the judgment. The case is this: We find a judgment for a fine against defendant, which can only be enforced at the pleasure of the court. The judgment is thus suspended, and the state is defeated of the remedy provided by law, upon the exercise of the pleasure of the district court. If the power to do this exists in a case of contempt, it must exist in all cases punishable by fine and imprisonment. The law is no respecter of persons. One violator of law possesses no rights of immunities not held by another. It follows, then, that all fines and penalties prescribed by law may be collected only when it accords with the pleasure of the court in which judgment is rendered therefor. The claim of the validity of the condition of the judgment leads to the most absurd results. It is hardly necessary to say that it is based upon no statute."

Likewise, in *Miller v. Evans*, supra, we said:

"The right to suspend sentence after being pronounced is denied the courts of this state. *State v. Voss*, 80 Iowa 467. And this seems now to be the prevailing rule. * * * Whatever justification the hardships resulting from the peculiar rules of the common law may have furnished for such a practice, all excuse for it disappeared with the enactment of statutes affording full opportunity for the correction of errors, and giving the courts a discretion apparently wide enough to meet the hardest cases. The authority 'to grant reprieves, commutations and pardons, after convictions for all offenses, except treason and cases of impeachment,' is by the Constitution lodged in the governor; and an order by a court suspending judgment after being entered, save for purposes of appeal, is clearly obnoxious to the objection that it is an attempted exercise of power not judicial, but vested in the executive. Section 16, Article 4, Constitution of Iowa."

There was, in the case at bar, a final judgment of conviction, even though the suspension provision was added thereto. *State v. Olson*, 200 Iowa 660. Consequently, the trial court's action directly violated the constitutional provision, and usurped

the prerogatives of the executive department of our government. Therefore, jurisdiction in the respondents was lacking, and hence the attempted "suspension" must be, and is, a nullity. If it were otherwise, every conviction for a criminal offense could be rendered nugatory by judicial action, and resultantly the statutes against crime would become ineffective. Said obligation upon the tribunal "to try" the derelict is no more sacred than the duty to impose "sentence" upon conviction; and when once entered, such judgment cannot be set aside except by the governor.

III. Distinction is to be made between the action of the district court here employed and the arrest of judgment under a situation where it would be proper for said tribunal, upon its own motion or that of the defendant, to exercise such authority.

Again referring to the 1927 Code, there is to be found the following material section relating to "arrest of judgment:"

"13946. A motion in arrest of judgment is an application to the court in which the trial was had, on the part of the defendant, that no judgment be rendered upon a verdict against him, or on a plea of guilty, and shall be granted: 1. Upon any ground which would have been ground of demurrer. 2. When upon the whole record no legal judgment can be pronounced."

See, also, Sections 13947, 13948, and 13949 of the same Code; *State v. Voss*, supra.

IV. Nor is the attempted "suspension of judgment" to be confused with stay of execution on appeal. Section 14002 of the 1927 Code embodies this enactment:

"An appeal taken by the defendant does not stay the execution of the judgment, unless bail is put in."

V. So, too, differentiation is to be made between the process here used by the district court and the remedy permitted for parole or "suspension of sentence," under Chapter 188 of the 1927 Code. The following sections thereof will illustrate the thought:

"3800. The trial court before which a person has been convicted of any crime except treason, murder, rape, robbery, arson, second or subsequent violation of any provision of Title

6, or of the laws amendatory thereof, may, by record entry, suspend the sentence and parole said person during good behavior: 1. If said person has not previously been convicted of a felony. 2. If said person is shown to be free from venereal disease. 3. If said person, if an adult and able to labor, has obtained apparently permanent employment for a reasonable time.

"3801. When a parole is granted under the preceding section, the court shall order said person committed to the custody, care, and supervision: 1. Of any suitable resident of this state; or 2. Of the board of parole."

Manifestly, that was not the course pursued by the respondents here. Without deciding that the "parole" statutes apply to the offense of which Wilson was convicted, we merely hold that the court below did not follow the method therein prescribed to avoid the immediate execution of the judgment.

Wherefore, the writ of certiorari is sustained.—*Writ sustained.*

STEVENS, C. J., and EVANS, FAVILLE, DE GRAFF, and MORLING, JJ., concur.

ALBERT, J., dissents.