CLARENCE BENNETT, Petitioner, v. C. C. BRADLEY, Judge, Defendant.

No. 41811.

1268

July 18, 1933.

Rehearing Denied December 14, 1933.

Carlos W. Goltz, for petitioner.

George W. Sturges and E. P. Murray, for defendant.

Anderson, J.—On the 2d day of December, 1929, the petitioner, Clarence Bennett, entered a plea of guilty in open court to county attorney's information charging him with the crime of operating a motor vehicle while intoxicated, and was sentenced by the court to be confined in the state penitentiary in Fort Madison for a term not to exceed one year, and on the same day sentence was suspended by the court during good behavior, and the defendant was paroled. On September 29, 1931, the defendant was committed to the institution at Mt. Pleasant, Iowa, for the excessive use of intoxicating liquors and later paroled from that institution. Application was filed by the county attorney on the 20th day of September, 1932, reciting sufficient grounds for the revocation of the parole, and asking that the parole be revoked, and that said defendant be committed in obedience to the former judgment and sentence of the court. An answer was filed to said application for revocation and a motion for continuance of the hearing thereon. The motion was overruled, and a hearing was had on the 4th day of October, 1932, and the court made a finding that since sentence was pronounced the defendant-petitioner had used intoxicating liquors to excess. and that his behavior had not been good in the sense required under the original judgment entry; and the court ordered that the original suspension of sentence be revoked, and that the "defendant-petitioner serve the sentence originally provided in said judgment entry and is hereby committed in obedience to such judgment, and that mittimus issue accordingly." An application for a writ of certiorari was presented to this court and an order

was made issuing said writ and granting a stay of execution pending the disposition of the case in this court.

The petitioner assigns as errors for reversal:

1. That the proceedings before the court on December 2, 1929, could not afford the basis for subsequent revocation of the parole.

2. That the proceedings against the defendant in the first instance infringed the due process clause of the Fourteenth Amendment to the Constitution of the United States.

3. That the court erred in overruling petitioner's motion for continuance of the hearing on the application to revoke the parole.

4. That the court erred in ordering the revocation of the parole or suspension of sentence, and in ordering the defendant to serve the sentence originally pronounced.

There are thirty propositions of law contained in petitioner's brief, some of which are pertinent to the errors assigned and some of which we will now notice.

■ The petitioner complains that the information originally filed by the county attorney did not comply with the provisions of the Code, in that it did not have the names of the witnesses indorsed thereon; that the minutes of the testimony were not attached thereto or filed as required by law; and that no copy of the information or minutes were ever furnished to the defendant. There is no merit in these contentions. The statute, section 13659, provides that the information may be set aside on motion when certain requirements are not followed, but section 13660 provides that such motion must be made before plea is entered by the accused, and if not so made, the objections shall be deemed waived. See, also, Jones v. McClaughry, 169 Iowa 281, 151 N. W. 210; State v. Fortunski, 200 Iowa 406, 204 N. W. 401.

■ The petitioner also contends that the original sentence was void, and that the court lost jurisdiction to pronounce a valid sentence for the reason that the court did not fix a time for pronouncing sentence after the plea of guilty, as provided by section 13951 of the Code. The answer to this contention is that the record shows that the defendant waived time of pronouncing sentence and consented that the sentence be pronounced. The section of the Code referred to provides that time for pronouncing sentence shall be fixed "unless defendant consent thereto."

■ The petitioner further complains that the "information

against the defendant does not show that the judgment was based upon a written plea of guilty." This is not necessary unless the judgment be rendered in vacation as provided by section 13669 of the Code. This record affirmatively shows that the court was in regular session in the county in which the information against the defendant was filed, and that the proceedings of which complaint was made took place on the "10th day of the regular November term A. D. 1929, of the District Court of Iowa in and for Plymouth County, the Hon. C. C. Bradley presiding Judge."

The petitioner also complains that the record does not show that the information was filed by the county attorney at a time when the grand jury was not actually in session. We have held that where the court by approving the information, accepting a plea of guilty, and pronouncing judgment, determined that the grand jury was not actually in session, and that the county attorney had authority to file the information. Marsh v. Hollowell, 215 Iowa 950, 247 N. W. 304.

The petitioner's main contention is that the court had no jurisdiction, after the lapse of the time involved in the sentence, to revoke the order suspending sentence and granting parole, and that the court had no power in the first instance to suspend the sentence. In other words, the petitioner has claimed, and is claiming, certain rights by reason of the suspension of sentence and at the same time claiming that the court had no authority to pronounce that sentence. We said in Pagano v. Bechly, 211 Iowa 1294, 232 N. W. 798, 799:

"Plaintiff is in the anomalous position of asserting and claiming certain rights by virtue of the aforesaid section 3800, but asserting that he is not bound by section 3805, which provides for a revocation of a suspended sentence without notice. These two sections are a part of the same chapter and are companion sections. Whatever rights the plaintiff acquired by reason of the court's exercising the power provided by section 3800 are necessarily limited and controlled by the provisions of section 3805. In other words, the ultimate outcome of these sections of the statute, which necessarily become a part of the judgment entry, amounts to this: The court says to the defendant: 'I will suspend your sentence during good behavior, but reserve the power to revoke the suspension of sentence and parole at any time I may see fit without notice to you.' "

The original sentence including the order of suspension thereof was regular and legal in every way, and the court had a right to revoke the order of suspension and parole at any time thereafter. And the court did not lose this right even after the term of the original sentence had expired. This rule follows the great weight of authority in this country, where there are statutory provisions for parole and suspension of sentence.

"A court having power to make an order suspending the execution of its judgments in criminal cases, necessarily, upon violation of such order, has the power to revoke the same and to enforce the original judgment by commitment, and such right is not impaired or limited by the passing of the term in which suspension is made." 16 C. J. 1335.

See, also, Schaefer v. State, 27 Ohio Cir. Ct. R. 791; State v. Abbott, 87 S. C. 466, 70 S. E. 6, 33 L. R. A. (N. S.) 112, Ann. Cas. 1912B, 1189.

"While a defendant sentenced to a term of years is entitled to immediate incarceration, yet if he does not object to the suspension of execution by the court, the judgment during such suspension remains unexecuted and can be satisfied only by the actual suffering of the imprisonment imposed, unless remitted by death or some legal authority." 16 C. J. 1336.

See, also, Fuller v. State, 100 Miss. 811, 57 So. 806, 39 L. R. A. (N. S.) 242, Ann. Cas. 1914A, 98; Miller v. Evans, 115 Iowa 101, 88 N. W. 198, 56 L. R. A. 101, 91 Am. St. Rep. 143.

The court favored the defendant at the time of parole and suspension of sentence. And this the court had a right to do under our statute. The suspension was a matter of grace and the defendant took it subject to the condition that the sentence be suspended only during his good behavior.

In the case of Neal v. State, 104 Ga. 509, 30 S. E. 858, 42 L. R. A. 190, 69 Am. St. Rep. 175, which case is cited with approval in Miller v. Evans, supra, a sentence of six months work in a chain gang was ordered suspended. At a subsequent term of court, and after the lapse of six months, the court made an order that the sentence be imposed. Defendant contended that the suspension was illegal, and that the period of imprisonment began at the date the sentence was pronounced. The same contention is made

by the petitioner here. In the Neal case, the South Carolina court rejected this claim of the defendant.

In the case of State v. Olson, 200 Iowa 660, 204 N. W. 278, 280, this court said:

"Sentence or judgment was not suspended in the sense that it was not imposed or pronounced, but the order purported to do no more than suspend the execution of the judgment during good behavior of the defendant."

See, also, Arthur v. Craig, 48 Iowa 264, 30 Am. Rep. 395; State v. Hamilton, 206 Iowa 414, 220 N. W. 313; State v. Hunter, 124 Iowa 569, 100 N. W. 510, 104 Am. St. Rep. 361; Pagano v. Bechly, supra.

In the cases cited by petitioner from other jurisdictions, we find no such statutory provisions as we have in this state and none of such cases are controlling here. We have carefully considered all of the points raised and argued by the petitioner, together with the authorities cited in support of the same, and we can find no merit in the petitioner's contentions. We are of the opinion that the district court did not err in revoking the order of parole and suspension of sentence and ordering the defendant committed under the original sentence. The writ of certiorari is without merit, and it is hereby annulled.—Writ annulled.

All Justices concur, except EVANS, who takes no part.