FULLERTON LUMBER COMPANY, Appellant, v. O. B. GRONLUND et al., Appellees.

No. 45704.

OCTOBER 14, 1941.

Shull & Marshall, for appellant.

A. W. Johnson, for appellees.

MITCHELL, J.—On March 12th, 1931, O. B. Gronlund and Lydia Gronlund, husband and wife, made, executed and delivered to the Fullerton Lumber Co., a promissory note in the sum of $4,000. This was in settlement of an open account existing prior to that date.

The note was secured by a mortgage executed by the Gronlunds on the same date covering real estate known as 2825 Leech Street, Sioux City, Iowa. The property has never been occu-

pied by the mortgagors, but is rental property. Payments aggregating $400 have been made on the note.

On October 21, 1940, the Fullerton Lumber Co. commenced an action in equity to recover judgment on the promissory note and foreclosure of the real-estate mortgage securing the same. The Gronlunds filed answer in which they plead that they had tendered and the Fullerton Lumber Co. had accepted a warranty deed to the real estate described in the mortgage, in complete accord and satisfaction of the note and mortgage.

There was a trial at which evidence was introduced, and the lower court held that the Fullerton Lumber Co. had accepted the deed to the premises in full and complete accord and satisfaction of the note and mortgage upon which its cause of action was based, and dismissed the petition. The Fullerton Lumber Co. has appealed.

Appellants concede that there is only one question for this court to decide, we quote from its brief:

"There can scarcely be any difference of opinion relative to the law applicable to this case. The only question at issue was whether or not the plaintiff and the defendant reached an Accord and Agreement to accept a deed to the mortgaged real estate in return for a Satisfaction of the note and mortgage thereon."

Much of the evidence is not in dispute. The note and mortgage were executed in 1931. There was paid upon same the sum of $400. No interest was paid after March 12, 1932. That for a period of some years there were negotiations between the parties in regard to the settlement of the note at a discount or to accept title to the real estate in satisfaction of the indebtedness. That the abstract of title was held by the Fullerton Co. in the Sioux City office. That in July or August, 1940, Gronlund had various conversations with Mr. Johnson the manager of the appellant company's Sioux City office in regard to the Fullerton Company taking title to the property.

There is a serious dispute as to just what arrangement was entered into between the parties. Gronlund testified that the appellant agreed to accept the title in full satisfaction. Johnson, the only witness for the appellant, testified that the agreement

1056

to accept title had to be submitted to the home office of the Fullerton Co. in Minneapolis for its approval. Johnson delivered the abstract to Gronlund and told him to have it continued to date, pay the taxes and have a warranty deed prepared. Gronlund paid the taxes, had the abstract continued to date, and had a deed prepared, delivering same to the employee of the Fullerton Co. There was a mistake in the legal description in the deed, and it was returned to Gronlund, who had it corrected, and returned it again to the Fullerton Co.

The deed contained the following stipulation:

"This Deed is an absolute conveyance of title in effect as well as in form, and is not intended as a Mortgage, Trust Conveyance, or security of any kind. The consideration therefor is a full release of all debts, notes, obligations, costs, and charges heretofore existing on account of and by the terms of that certain Mortgage heretofore existing on the property herein conveyed, executed by O. B. Gronlund and Lydia Gronlund, husband and wife, to Fullerton Lumber Company on March 12, 1931, recorded in Book 374 of Mortgages on Page 27, in the records of the Recorder of Woodbury County, Iowa, this conveyance completely satisfying as to said grantors said obligations and terminating said Mortgage and the notes on bonds secured thereby."

The deed was never returned to Gronlund, although it is the claim of the appellant that Gronlund was notified that the Fullerton Co. would not accept the deed in full satisfaction, and that he could have the deed.

In view of the fact that the deed was prepared at the request of the Fullerton Co.; that it contained a stipulation to accept it in full satisfaction of the note and mortgage; that it was delivered to the appellant; that the Fullerton Company knew about the property; and the title to same, having the abstract in its possession for some years; that the distinguished and able trial court had the witnesses before him, we can come to no other conclusion than that the lower court was right in dismissing the petition.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.