STATE OF IOWA, Appellant, v. PETER ALPHONSA RAND, Appellee.

## No. 47118.

(Reported in 32 N. W. 2d 79)

552

APRIL 6, 1948.

Robert L. Larson, Attorney General, Charles H. Scholz, Assistant Attorney General, and Ed. J. Kelley, County Attorney, for appellant.

Smedal, Maurer & Clark, of Ames, and Stipp, Perry, Bannister, Carpenter & Ahlers, of Des Moines, for appellee.

MULRONEY, C. J.—On October 14, 1943, defendant, Rand, pleaded guilty in Story county to an information charging him with the crime of illegal transportation of intoxicating liquors. Judge Rider, who heard the matter, sentenced defendant to pay a fine of $1,000 and ordered that he be committed to the county jail of Story county for one year but further provided that the jail sentence "is suspended and defendant paroled, and no mittimus shall issue * * * except in the event that the said defendant shall be convicted of a felony."

About three years later, in November of 1946, the county attorney of Story county filed what is termed a "Motion On

Application To Revoke Alleged Suspension And Parole." This motion alleged the parole was void and contrary to law in that at the time it was granted by Judge Rider, the defendant, Rand, had previously been convicted of a felony on June 12, 1917. This motion was presented to Judge John M. Schaupp, another judge in the same judicial district, and on November 13, 1946, after an ex parte hearing, without notice to the defendant, Judge Schaupp entered an order finding: "* * * from the facts presented that the defendant, Peter Alfonsa Rand, in his different aliases as set forth in the said application and report from the State Bureau of Investigation, has been previously convicted of a felony, and that by reason thereof the alleged parole and suspended sentence is in violation of the law." Judge Schaupp's order further provided that Judge Rider's order and judgment of October 14, 1943, wherein he paroled the defendant and suspended the jail sentence be "vacated and revoked" and he ordered that mittimus issue for the defendant's commitment.

On December 20, 1946, defendant moved to set aside Judge Schaupp's order and after resistance was filed, a hearing was had before Judge Schaupp. At this hearing evidence was introduced showing the defendant was convicted of breaking and entering in Boone county in 1917, and sentenced to the Men's Reformatory at Anamosa, Iowa, and paroled by the Board of Parole on April 10, 1923, and that thereafter he received a final discharge from the governor of Iowa on April 21, 1924. The final discharge he received is now set forth:

"STATE OF IOWA EXECUTIVE DEPARTMENT
"FINAL DISCHARGE.

"TO ALL TO WHOM THESE PRESENTS SHALL COME — GREETING:

"KNOW YE, that by authority in me vested by law, I, N. E. Kendall, Governor of the State of Iowa, in the name and by the authority of the people thereof, do hereby discharge from further liability under his sentence Peter Randa, who was at the May Term, A.D. 1917, of the District Court of Iowa, in and for Boone County, convicted of the crime of Breaking and Entering and sentenced to the Reformatory at Anamosa and

was paroled by the Board of Parole on the 10th day of April, 1923.

"This discharge is granted upon the recommendation of the said Board of Parole, as provided by law.

"And I do hereby restore the said Peter Randa to all the rights, privileges and immunities which were forfeited by reason of said conviction.

"IN TESTIMONY WHEREOF, I have hereunto set my hand and caused to be affixed the Great Seal of the State. Done at Des Moines, this 21st day of April, in the year of our Lord nineteen hundred and twenty-four.

"(THE GREAT SEAL OF

THE STATE OF IOWA)          N. E. Kendall (s)"

On April 14, 1947, Judge Schaupp ruled that the above final discharge restored defendant to eligibility for a parole and he set aside his prior order of November 14, 1946, that had vacated Judge Rider's parole order. The State appeals from this last order of April 14, 1947.

I. The State argues that Judge Rider's order suspending the jail sentence and paroling the defendant was void. The record of testimony at the hearing before Judge Schaupp shows, by the testimony of the county attorney, that at the time defendant pleaded guilty before Judge Rider in October of 1943, Judge Rider was fully informed of defendant's previous conviction of a felony; that Judge Rider had the record from the State Bureau of Investigation on defendant before him at the time, and that this showed that he had been convicted of a felony. The State admits in argument in this court that Judge Rider "had full possession of the very facts at the time he entered the judgment of imprisonment against defendant." The record is silent as to whether Judge Rider also had before him the final discharge with respect to defendant's conviction of the felony. It is the State's argument that because of defendant's prior conviction of a felony, Judge Rider would have no authority under sections 247.20 and 247.21, Code, 1946, to grant defendant a parole, and therefore that part of his order suspending the jail sentence and paroling the defendant was void. Section 247.20, Code, 1946, provides as follows:

"Parole by court. The trial court before which a person has been convicted of any crime except treason, murder, rape, robbery, arson, second or subsequent violation of any provision of title VI, or of the laws amendatory thereof, may, by record entry, suspend the sentence and parole said person during good behavior:

"1. If said person has not previously been convicted of a felony.

"2. If said person is shown to be free from venereal disease.

"3. If said person, if an adult and able to labor, has obtained apparently permanent employment for a reasonable time."

Section 247.21, Code, 1946, provides as follows:

"Custody of court parolee. When a parole is granted under section 247.20, the court shall order said person committed to the custody, care, and supervision:

"1. Of any suitable resident of this state; or

"2. Of the board of parole."

The State cites Dawson v. Sisk, 231 Iowa 1291, 4 N. W. 2d 272, 141 A. L. R. 1219; Burnstein v. Jennings, 231 Iowa 1280, 4 N. W. 2d 428; State ex rel. Preston v. Hamilton, 206 Iowa 414, 220 N. W. 313; State v. Scott (Iowa), 300 N. W. 273.

In Dawson v. Sisk and Burnstein v. Jennings, both supra, the defendants were fined and in each instance the order for commitment was contingent upon default in the payment of the fine. There was no sentence of imprisonment within the meaning of the parole statute. The order for imprisonment was merely to coerce the payment of the pecuniary judgment. The making of the order for jail commitment, in default of payment of the fine, is discretionary with the court. But the parole statutes do not authorize the court to make such an order and then withhold its operation. The coercive order is a remedy, in the nature of an execution, given to the State to enforce the judgment for pecuniary punishment. Any further order sus-

pending the operation of this remedy was wholly void. The opinion in the Dawson case states:

"* * * both sides agree that sections 3800 and 3801 [Code, 1939, now sections 247.20 and 247.21, Code, 1946] were not complied with and that the attempted suspension of the sentence was void." At page 1296 of 231 Iowa, page 275 of 4 N. W. 2d.

The Burnstein opinion was filed the same day as the Dawson opinion and the Burnstein opinion states that the Dawson opinion decides all questions in the Burnstein case. In both cases we held the suspensions were void and the sentences could be enforced years later. The cases are clearly distinguishable.

State ex rel. Preston v. Hamilton, supra, was a certiorari proceeding to test the "suspension" portion of a judgment wherein the defendant was fined $300 and costs; the judgment further providing that defendant be confined in jail for three months. The order further stated:

" 'The foregoing judgment is suspended during good behavior, on condition that defendant pay the costs of this suit.' " At page 415 of 206 Iowa, page 313 of 220 N. W.

Nowhere in this order does the word "parole" appear. The case was decided upon the ground that it was a virtual setting aside of the judgment and the opinion specifically states that this suspension was not made under the parole statutes.

The appeal in State v. Scott, supra, reached us on a clerk's transcript. The short opinion found in 300 N. W. 273 recites that defendant was sentenced to jail for six months but paroled during good behavior and: "Thereafter, the court determined that the defendant had been previously convicted of a felony * * * and * * * the parole was revoked." The transcript on file in this court shows that the revocation was during the same term and in fact on the same day as the sentence, after the court learned of the defendant's criminal record. Of course this could be done. Section 604.41, Code, 1946.

We think the rule is, and should be, that in the absence of fraud a parole and suspension of sentence made under and pursuant to sections 247.20 and 247.21, Code, 1946, is not void.

It may be illegal or erroneous and if so it can be set aside upon appeal. But the court certainly does have jurisdiction of the person of the defendant and of the subject matter.

In State v. Boston, 233 Iowa 1249, 1257, 1258, 11 N. W. 2d 407, 411, we reversed the trial court's action, refusing to hear an application for a bench parole, stating:

"What we hold is that this defendant was entitled to have his application considered *on its merits.*"

The statute does not seem to contemplate the filing of a formal written application for a parole but it certainly places in the trial court, before whom a defendant has been convicted, full jurisdiction to grant or deny a parole. As a matter of common practice we know the application is often oral and is frequently made by the defendant's attorney, and it is seldom that a record is made of either the application or hearing thereon. The trial court may deny a parole and as we said in State v. Boston, supra:

"Where the record is silent as to the basis for denying a parole, it will be presumed there was good reason therefor."

Should not a like presumption prevail, namely, that there was basis for granting the parole when the parole is given? To hold otherwise would mean that the State, years after a parole was granted, could have it set aside upon proof that defendant was not free from venereal disease at the time it was granted or that an adult defendant had not obtained apparently permanent employment for a reasonable time. There is no question of fraud in this case. The county attorney knew the defendant had been convicted of a felony. Judge Rider knew the defendant had been convicted of a felony. The record does not show whether either of them knew about the final discharge which Judge Schaupp later held washed out the felony conviction, for parole purposes. But would it make any difference if they did, or did not, know of the final discharge? Assume they knew of the final discharge and Judge Rider was of the opinion, later expressed by Judge Schaupp, that it restored defendant to eligibility for a parole. Could the State

gain a review of that holding years after the time for appeal had expired by arguing the parole was void because Judge Rider was wrong? Obviously not. The State could gain a review in the same way any other litigant could gain a review and that is by appealing from the alleged erroneous parole order. It could not be argued that if Judge Rider knew of the discharge from sentence he would be without jurisdiction to decide whether or not it did restore defendant to eligibility for parole. Would the State's position be improved if the county attorney and Judge Rider did not know of the final discharge? Judge Rider's *jurisdiction* did not depend upon evidence, favorable to the defendant, which the latter might have shown to convince the court that he was eligible for parole. Lack of knowledge of the final discharge on the part of Judge Rider would not mean lack of jurisdiction. In other words, upon the question of Judge Rider's jurisdiction, which rules the conclusion as to whether his parole order was void or not, the State is in no better position if the sentencing judge did not know of the final discharge. When acting under the parole statute the sentencing judge must determine whether the defendant is eligible for a parole. And this is so regardless of the showing made by the State or the defendant on the question to be determined by the court. Had Judge Rider denied the parole on the ground of the defendant's previous felony conviction, no one would contend that he was without jurisdiction to do so. If he would have had jurisdiction to determine that defendant was not eligible for a parole, then clearly he did have jurisdiction to determine he was. Jurisdiction does not depend upon the ultimate determination, or the means by which such ultimate determination is reached. Jurisdiction is the authority to decide or adjudge and it does not depend upon the correctness of the decision made by the court. By its very nature, jurisdiction in a court to determine a question, includes the right to decide wrong. As stated in 21 C. J. S., Courts, section 27:

"The test of jurisdiction is the court's power to act, not the correctness of its decision."

A case much in point is Sigmond v. Bebber, 104 Iowa 431, 434, 73 N. W. 1027, 1028. In that case an order was made, upon proper notice, authorizing an administratrix to sell real property, including the homestead, to pay claims. There was no appeal from the order. Some years later the children of the deceased started action to set aside the sale so far as the homestead was concerned because of the provisions of the law that the homestead descends to the heirs and is not liable for debts. In affirming the action of the trial court sustaining a demurrer to the petition we stated:

"Nothing more can be said than that the administratrix asked an order of sale for a purpose not authorized by law. If so, it was the duty of the court to have denied the order, but not to dismiss the application, because without jurisdiction to determine the question. The determination of the question is precisely what the court should have done, and, had it denied the order, no one would say that it had not jurisdiction to do so. The jurisdiction is as complete for a decision one way as the other, but a decision one way would not be legal, while the other it would. Such an illegality would merely involve error in an authorized proceeding, while an absence of jurisdiction as to subject-matter would nullify the proceeding for any purpose. * * * That the district court had jurisdiction in the matter of the application to sell the real estate, with the parties in court, we have no doubt. If so, the remedy of those not satisfied was by appeal."

In Mahaffa v. Mahaffa, 230 Iowa 679, 684, 298 N. W. 916, 919, we said:

"The court had jurisdiction of the parties and the subject matter * * *. Having such jurisdiction, its decision, if erroneous, was nevertheless binding until corrected by direct proceedings to accomplish such correction."

In Reinsurance Life Co. v. Houser, 208 Iowa 1226, 1228, 227 N. W. 116, 117, we said:

"If the court has authority to determine the cause at all, it has authority to determine it wrongfully, as well as right-

fully, and the decision, if wrongful, may be corrected only by direct proceedings to that end."

See, also, 31 Am. Jur., Judgments, section 401; Read v. Howe, 39 Iowa 553, 559; Stanley v. Noble, 59 Iowa 666, 13 N. W. 839; Sigmond v. Bebber, 104 Iowa 431, 73 N. W. 1027; Dickson Fruit Co. v. District Court, 203 Iowa 1028, 213 N. W. 803.

It is our conclusion that if Judge Rider was acting under the provisions of section 247.20, Code, 1946, in suspending the jail sentence and granting the parole, then his order was not void. There remains the question of whether he was acting under the above statute or whether he was attempting to grant a mere suspension of sentence without any statutory authority, which, under prior decisions of this court, previously noted, would be a nullity.

II. The State points to Judge Rider's order which provided no mittimus for the jail sentence was to be issued "except in the event that the said defendant shall be convicted of a felony," and also to the fact that the order did not comply with section 247.21, in that it failed to appoint a suitable resident of Iowa or the board of parole, as parole agent. Of course the statutory power of the sentencing court is to parole and suspend sentence "during good behavior." The court would have no power to provide that the parole continue until the defendant's next felony conviction. But we think this and the failure to name a parole agent are defects which the State could have had corrected by proper proceedings. Whether they could have been corrected in the proceedings before Judge Schaupp we need not decide. The State did not ask for such relief, though it seems to have been gratuitously granted with respect to the naming of a parole agent, for in the last order of Judge Schaupp he named the parole board as parole agent. We do not feel these defects, glaring as they are, indicate that Judge Rider was purporting to act without any statutory authority. In so far as his order did "suspend the sentence and parole" the defendant, it is in the words of the statute. The fact that his order did not provide for custody of the parolee under another statute (section 247.21) is insufficient to render the en-

tire proceedings a nullity as an unauthorized suspended sentence. The fact that his order went too far and made revocation contingent on a felony conviction instead of providing that the parole was to continue "during good behavior" as the statute provides, is likewise insufficient to void the parole as a mere suspended sentence. This is not a proceeding to revoke the parole because of any conduct of the defendant after it was granted.

In Crooks v. Sanders, 123 S. C. 28, 33, 115 S. E. 760, 762, 28 A. L. R. 940, the court was called upon to construe a governor's parole order and the rule is stated:

"While the object of the courts in construing instruments of this character is to carry out the intention of the parties, wherever that is doubtful the grant is construed most beneficially for the citizen and most strongly against the Sovereign power."

Here, the sentencing judge stated that the defendant was paroled. The statute authorizes courts to parole. We will construe his order, however defective, as having been made under the statute granting the general power to courts to grant a parole.

III. Our conclusion that Judge Rider was in the exercise of statutory power to parole and suspend sentence at the time the defendant pleaded guilty, and our conclusion that he had jurisdiction to determine defendant's eligibility for parole, means that his order paroling defendant and suspending the jail sentence was not void; that it could only be set aside by appeal under the authorities previously cited under Division I of this opinion. This means that Judge Schaupp, in the later proceedings before him in November of 1946, was without authority to set aside the order entered by Judge Rider. Judge Schaupp, in the order appealed from, set aside this order of November 1946 and his action in so doing should be affirmed. It is immaterial that Judge Schaupp gave as his sole reason for setting aside his earlier order of November 1946 that the discharge from sentence restored the defendant to eligibility for parole. We are of the opinion it did not, but the reasons which Judge Schaupp recited in the order appealed from are im-

material. The appeal is from the judgment, not the reasons, upon which the court acted. As stated in In re Estate of Hale, 231 Iowa 1018, 1024, 2 N. W. 2d 775, 779:

"If this conclusion is right, any error in the judge's reasoning is not prejudicial."

IV. It is also of no consequence that the question of Judge Schaupp's authority or jurisdiction to set aside Judge Rider's order paroling the defendant and suspending the jail sentence does not appear to have been raised in the trial court. If Judge Schaupp had no jurisdiction to review the legality of Judge Rider's order, none was or could be gained by laches or consent. We held in Davis v. Preston, 129 Iowa 670, 106 N. W. 151, that the action of counsel in sitting by while the court continues without authority to try the case conferred no jurisdiction upon the court if jurisdiction of the subject matter was wanting.

In the view we take of the case, Judge Schaupp's order of November 1946 was entered without jurisdiction. His later action in setting aside that order is affirmed.—Affirmed.

OLIVER, BLISS, GARFIELD, MANTZ, and SMITH, JJ., concur.

HALE and HAYS, JJ., dissent.

HALE, J. (dissenting)—I am compelled to disagree with the majority opinion. That opinion, in Division III thereof, holds as I do, that the governor's "release from custody" does not restore the defendant to eligibility for parole. But I am satisfied that Judge Rider had no jurisdiction whatever, since the statutory prerequisites to exercising jurisdiction were not present; that his order as to that part of the so-called parole was void and of no effect. I would dissent.

HAYS, J., joins in this dissent.