**STATE of Iowa, Appellee,**

v.

**Charles Alan DARRIN, Appellant.**

**No. 67365.**

Supreme Court of Iowa.

Oct. 27, 1982.

Emmit J. George of Johnston & George, Iowa City, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., and Richard Bordwell, Washington County Atty., for appellee.

Considered by LeGRAND, P.J., and UHLENHOPP, McCORMICK, LARSON and SCHULTZ, JJ.

SCHULTZ, Justice.

We must determine whether the district court abused its discretion by revoking the probation of a defendant who concealed his true name and criminal record from the court at the time of sentencing. We granted discretionary review of the district court's order revoking the defendant's probation and, after careful consideration, we affirm.

The defendant was arrested on March 30, 1980, following the burglary of a pharmacy in Washington, Iowa. On April 14, the defendant executed under oath an application for appointment of counsel using the name Charles A. Darrin. The following day, the defendant, under the name Charles Darrin, pleaded guilty to charges of burglary in the second degree in violation of Iowa Code §§ 713.1, .3 (1979), a class C felony, and manufacture of a controlled substance, to wit: marijuana, in violation of Iowa Code § 204.401(1)(b) (1979), a class D felony. The presentence investigation did not discover that the defendant's true name was Elva Clinton Dixon III; nor did it discover that under his true name the defendant had a history of criminal offenses and was wanted by Illinois authorities on two charges of delivery of a controlled substance. Instead, the report stated that Darrin had no prior criminal charges and it recommended that the defendant be placed on probation.

An extensive sentencing hearing was held June 6, 1980. During these proceedings the judge asked the defendant if there was anything in the report that was not true. Several corrections were then made, but none of these involved the defendant's name or criminal record. The State indicated that it had serious doubts about the correctness of the presentence investigation report. It also presented evidence that three different identification cards of various persons were found in the defendant's wallet. In addition, the defendant apparently had in his possession a forged birth certificate with the name of Charles Darrin taped across the name on the certificate. The sentencing judge imposed sentences of not more than ten and five years on the two cases; however, he suspended both sentences and placed the defendant on probation for four years.

Subsequent investigation established that the defendant's true name was Elva Clinton Dixon III, not Charles Darrin, and that the defendant had a substantial criminal record. On August 24, 1981, the county attorney filed a motion to annul sentencing. On September 11, the defendant's probation officer filed a probation violation complaint. The motion and complaint were joined for hearing, and following the hearing another district court judge concluded that the sentence was not illegal and refused to annul it. However, he did revoke defendant's probation.

In revoking the probation the court found that the defendant violated the good behavior conditions of the probation by fraudulently concealing his true identity from the court and others to induce the grant of probation and to avoid extradition to Illinois. It concluded that the defendant was continuing to conceal his true identity after being placed on probation. The district court analyzed and relied upon certain federal and state cases which permitted the revocation of probation granted as a result of a defendant's fraudulent concealment even though no postconviction probation violations occurred.

In this appeal the defendant claims the trial court erred: (1) in its legal determination that probation can be revoked for actions that took place prior to the grant of probation, and (2) in finding the defendant violated probation by continuing to conceal his true identity after sentencing. We disagree with the defendant on both issues; we will restrict our discussion to the first issue, however.

The legislature has empowered the court with wide discretion in granting probation, subject only to the provision that the grant shall promote the rehabilitation of the defendant and the protection of the community. Iowa Code ch. 907 (1981); *State v. Rogers,* 251 N.W.2d 239, 241 (Iowa 1977). The court that grants the probation also has the jurisdiction to revoke it. Iowa Code § 908.11 (1981); *Bennett v. Bradley,* 216 Iowa 1267, 1271, 249 N.W. 651, 652 (1933). The granting of probation and its revocation are not to be overturned unless there has been an abuse of discretion. *Burns v. United States,* 287 U.S. 216, 220–21, 53 S.Ct. 154, 155–56, 77 L.Ed. 266, 269 (1932); *Rogers,* 251 N.W.2d at 243. We normally look to postconviction procedure to provide the means for testing revocation of probation; however, here we agreed to discretionary review pursuant to section 814.6(2)(e). *State v. Rheuport,* 225 N.W.2d 122, 123 (Iowa 1975); *but see State v. Jones,* 247 N.W.2d 735, 736 (Iowa 1976).

The court may revoke the probation if the person on probation violates the terms of the probation. § 908.11. It is well established in Iowa that a violation of the law after the probationary sentence begins is a ground for revocation. *State v. McGinnis,* 243 N.W.2d 583, 587 (Iowa 1976).

Whether the court's power to revoke probation is limited to conduct that occurs during the probation period is an issue of first impression in Iowa. We hold that under the set of circumstances presented in this appeal, the power to revoke probation is not so limited.

Initially, the defendant argues there is no provision in our code that allows a court to revoke probation for acts that occurred prior to the granting of probation. Section 908.11 does refer to the initiation of revocation proceedings by a probation officer or the judicial district department of correctional services "having probable cause to believe that any person released on probation has violated the conditions of probation" and further states the options the court has when "the violation is established." Section 908.11 does not provide that probation is revocable only for postsentence violations. Moreover, we do not conclude that it provides the exclusive ground for revocation.

Probation is a procedure whereby a defendant may be released by the court subject to supervision. § 907.1. Although custody and supervision are assigned to another person or to a judicial district department of corrections, "[j]urisdiction of these persons [probationer] shall remain with the sentencing court." § 907.8. The tenor of probation is best expressed in the direction that conditions of probation be imposed "which will promote rehabilitation of the defendant and protection of the community." § 907.6. It would be ironic and irrational for a court with continuing jurisdiction over a defendant released on probation to be able to revoke that probation only for postsentence violations. If the court finds that fraud practiced by the defendant prior to sentencing endangers the community or fails to promote rehabilitation of the defendant it must have the discretion to revoke the probation. We do not find that in

its enactment of chapters 907 and 908 the legislature intended to so limit the court's discretion.

There is authority from other jurisdictions that probation can be revoked if the "probationer" engaged in criminal activity between the time of sentencing and the technical commencement of probation. *See United States v. Jurgens,* 626 F.2d 142 (9th Cir. 1980) (defendant embezzled before period of probation began); *United States v. Ross,* 503 F.2d 940 (5th Cir. 1974) (defendant renewed criminal activity after sentencing but before probation began). Given the purpose of probationary sentencing, the results reached by these courts are logical.

We also note significant authority for the proposition that a trial court has the discretion to revoke probation if information is discovered which, had it been known at the time of sentencing, would have led the trial court to deny probation. *United States v. Ecton,* 454 F.2d 464 (9th Cir. 1972) (false denial of participation in another offense); *Trueblood Longknife v. United States,* 381 F.2d 17 (9th Cir. 1967) (fraudulent concealment of prior bankruptcy); *Jones v. United States,* 401 A.2d 473 (D.C.App.1979) (California arrest concealed from District of Columbia sentencing court); *see also Swope v. Musser,* 223 Kan. 133, 573 P.2d 587, 590 (1977) (fraudulent concealment is basis for probation revocation); *Commonwealth v. Meyer,* 169 Pa.Super. 40, 44, 82 A.2d 298, 301 (1951) ("Fraudulent representations which induce a probation order are grounds for its revocation and the imposing of sentence, just as much as acts of a defendant subsequent to the order in violation of his parole.") and *Commonwealth ex rel. Paige v. Smith,* 130 Pa.Super. 536, 198 A. 812 (1938), *both cited with approval in United States ex rel. Sole v. Rundle,* 435 F.2d 721, 724 (3d Cir. 1971); *but cf. O'Steen v. State,* 261 So.2d 208 (Fla.Dist.Ct.App.1972) (conviction following order of probation cannot form basis of revocation since sentencing court knew of charge at the time probation granted).

■ We distill from these cases that the trial court's order revoking probation must be based on more than a simple reevaluation of the information known by the trial judge at the time of sentencing. The court in *Jurgens* reasoned that the revocation should be predicated on new and significant information received after sentencing that would affect the court's judgment about the defendant's suitability for community supervision. *Jurgens,* 626 F.2d at 144 n. 1. Although the court in *Jurgens* indicated that this information would ordinarily concern renewed criminal conduct of the defendant, we conclude that if the defendant fraudulently conceals information from the sentencing court that may have significantly influenced the trial court not to grant the probation, the court does not abuse its discretion in revoking the probation. *See State v. Rand,* 239 Iowa 551, 556, 32 N.W.2d 79, 82 (1948) (court implied that a grant of suspended sentence induced by fraud may be void). In reaching this conclusion we are fully aware of the need of finality in sentencing. The virtue of finality, however, must be weighed against the damage that fraud in procuring probation might cause to the very statutory purposes of sentencing: "maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." § 901.5. In weighing these competing interests the judge must consider whether the fraud was a vital influence in the decision to grant probation, and if so, whether it outweighs the need for finality of the sentence. The judge should be especially cautious before ordering revocation if the probation appears to be otherwise successful. The legislature has given the judge hearing the request for revocation wide discretion to practice wisdom and justice in determining whether probation should be continued.

■ We find undisputed evidence that the defendant fraudulently concealed his true identity and criminal record from the trial court. The defendant did not give his true name or background to the presentence investigator. Thus, the presentence report showed that the defendant had no prior convictions and this influenced its

recommendation of probation. At the sentencing hearing the defendant was asked directly whether anything on the report was untrue, but he failed to correct the record. In his colloquy with the defendant before pronouncement of sentence, and in each separate sentence, the sentencing judge stated that the presentence report and a lack of prior convictions were among the reasons for putting the defendant on probation. The trial court found that the sentencing judge was influenced by the defendant's apparent lack of a prior criminal record. Thus, we find sufficient evidence that the sentencing court was influenced by the defendant's fraud.

We also reject the defendant's argument that because the court was aware of the gaps in his background at the time of sentencing, the court should now be precluded from revoking his probation. Because of defendant's fraud it took thirteen months for the police to uncover the defendant's true background. If the sentencing court had acted on mere suspicion, the defendant's outcry would be credible. The fact that the sentencing judge relied on the defendant's falsehoods, even though they were suspicious, will not aid the defendant now.

The evidence supports the finding that the defendant fraudulently concealed his identity to induce a probationary sentence and that this fraud influenced the sentencing judge in granting probation. There is substantial evidence that the sentence would not have resulted in probation if the true facts had been before the sentencing judge. The defendant had an arrest record in Illinois and there were two pending charges against him for delivery of controlled substances. It was well within the discretion of the district court to find that under these facts the defendant's deception practiced prior to sentencing outweighed the value of the defendant's postsentencing conduct or finality in sentencing. We conclude there is substantial basis for the court's decision and find no abuse of discretion.

AFFIRMED.