# IN THE COURT OF APPEALS OF IOWA

No. 15-1629
Filed November 9, 2016

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**SKYLAR DANTE WILLIAMS-RANKIN,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Polk County, Carol S. Egly, District Associate Judge.

　　　A defendant appeals the district court's revocation of his deferred judgment claiming it was done without a factual basis to support the probation revocation. **AFFIRMED.**

　　　Jane M. White of Jane White Law Office, Des Moines, for appellant.

　　　Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

　　　Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Presiding Judge.**

Skylar Williams-Rankin was given a deferred judgment upon his plea of guilty to the crime of second-degree harassment. He was placed on probation for one year, and the previously entered no-contact order was canceled. Probation violation reports were filed within a month of the start of his probation. These reports alleged Williams-Rankin tested positive for alcohol on two occasions, committed the crime of domestic abuse assault, failed to have liability auto insurance and did not stop within an assured clear distance, and on a separate occasion, left the scene of an accident. At the first hearing, Williams-Rankin stipulated to violating probation as alleged in the reports. The court set disposition to occur in conjunction with a hearing on the new domestic abuse charge.

After the first probation reports were filed but before the disposition occurred, a second no-contact order was entered in conjunction with the new domestic abuse charge.[1] Following the entry of the new no-contact order, another probation violation report was filed that alleged Williams-Rankin violated the no-contact order by calling the protected party while he was in jail. At the second hearing, Williams-Rankin stipulated to the probation violation by admitting he knew there was a no-contact order in place, he communicated with the protected party from jail, and he was on probation at the time of this communication.

---

[1] The domestic abuse charge was subsequently dismissed, but the no-contact order remained in place.

It was made clear to the court that both the prior probation violation stipulation and the current probation violation stipulation would be combined for a dispositional hearing, along with the separate matter of the violation of the no-contact order. The State made a recommendation for disposition in the pending matters and also informed the court that there were other potential charges for additional violations of the no-contact order that had not yet been filed. The court then heard the recommendation of defense counsel and a statement from Williams-Rankin. The court ultimately ruled with respect to the probation revocation matter that Williams-Rankin's deferred judgment should be revoked and he be given a one-year sentence with all but ninety days suspended and given credit for ninety-days served. Williams-Rankin was again placed on probation for one year.[2]

In this appeal, Williams-Rankin claims there is not a factual basis to support the court's finding that he violated his probation—specifically, he claims he cannot be found to have violated the no-contact order when that order had been previously canceled. The revocation of probation must be supported by a factual basis, but the requisite proof of the violation is a preponderance of the evidence, not beyond a reasonable doubt. *State v. Hughes*, 200 N.W.2d 559, 562–63 (Iowa 1972). Our review is for the correction of errors at law. Iowa R. App. P. 6.907.

Upon our review of the record, we disagree with Williams-Rankin's characterization of his stipulation to the no-contact order violation. He was not

---

[2] As to the no-contact order violation, Williams-Rankin received a sentence of forty-three days in jail with credit for thirteen days served.

stipulating to violating the canceled no-contact order, but instead, he was stipulating to violating the no-contact order that was in place due to the new domestic abuse charge, which was pending after the first probation violation reports were filed. Williams-Rankin admitted he was aware at the time of the communication that there was a no-contact order in place, he continued to communicate with the protected party while he was in jail, and he was on probation at the time the prohibited communication occurred. His claim on appeal that he did not know what he was stipulating to or how it could be used against him in the probation violation matter is not supported by the transcript of the proceeding.

The ultimate decision to revoke Williams-Rankin's deferred judgment and impose a sentence was based not only on the violation of the no-contact order but also on his first stipulation to violating the terms of his probation. In addition, we find no error in the district court's consideration of the unfiled, pending no-contact order violations the State brought to the court's attention. "Pending charges are a permissible consideration in revocation hearings. A conviction is not required before revocation may occur." *State v. Dolan*, 496 N.W.2d 278, 279–80 (Iowa Ct. App. 1992). We find no abuse of discretion in the court's decision to revoke the deferred judgment and impose the sentence in this case. *See State v. Darrin*, 325 N.W.2d 110, 112 (Iowa 1982) ("The granting of probation and its revocation are not to be overturned unless there has been as abuse of discretion.").

**AFFIRMED.**