STATE of Iowa, Appellee,

v.

Robert Paul BRIMACOMB, Appellant.

No. 90–1640.

Supreme Court of Iowa.

Sept. 18, 1991.

Linda Del Gallo, State Appellate Defender and Shari Barron, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Julie Ann Halligan, Asst. Atty. Gen., Thomas J. Ferguson, County Atty., and Barbara Diment and Shawn S. Wehde, Asst. County Attys., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, LAVORATO, and NEUMAN, JJ.

HARRIS, Justice.

Prompted by false information, the trial court entered a deferred judgment following defendant's guilty plea. Upon learning the next day that it had been misinformed, the court revoked the deferred judgment and imposed sentence. Defendant appeals, asserting the court acted without authority. Because we find ample authority for the challenged action we affirm.

Defendant Robert Brimacomb entered a plea of guilty to a charge of operating while intoxicated, first offense. *See* Iowa Code § 321J.2 (1989). Initially the district court, relying on an "informal report" compiled by the department of correction services, granted him a deferred judgment pursuant to Iowa Code section 907.3.[1]

The court was careful to explain that it was relying on information which later

---

1. Iowa Code § 907.3 (1989) provides in part:

   Pursuant to section 901.5, the trial court may, upon a plea of guilty, a verdict of guilty, or a special verdict upon which a judgment of conviction may be rendered, exercise any of the options contained in subsections one and two of this section. However, this section shall not apply to a forcible felony.

   1. With the consent of the defendant, the court may defer judgment and place the defendant on probation upon such conditions as it may require. Upon a showing that the defendant is not cooperating with the program of probation or is not responding to it, the court may withdraw the defendant from the program, pronounce judgment, and impose any sentence authorized by law.

proved to be false. The court was aware defendant had been arrested for driving while his license was suspended. But, unbeknownst to the trial court and to both trial counsel, defendant was not merely arrested but had been convicted of driving while his license was suspended on *two* separate occasions. Both convictions occurred prior to the sentencing hearing.

The court stated:

THE COURT: Well, it seems to me this is a rather close situation. Driving record is not very good. The thing that concerns me is that he was subsequently arrested for Driving While License Suspended, and—and that case is pending. So I suppose I could issue a deferred judgment, and if there is a conviction in that case, revoke that deferred judgment.

If counsel wishes me to do that, I'll go ahead and do that, but it seems to me if—if he's going to get a conviction of Driving While License Under Suspension, then that shows to me that he really is not a proper candidate or a deferred judgment should be revoked.

It is clear that defendant was aware the court was acting on the false information which the court and counsel all mistakenly accepted.

Defendant contends revocation of a deferred judgment, under our statutory scheme, is limited to circumstances where "the defendant is not cooperating with the program of probation or is not responding to it." Because the revocation here has nothing to do with a program of probation, defendant contends the court acted without authority.

■ For a combination of reasons we think the facts fit well within authority granted by Iowa Code section 907.1(2).[2] It is clear that orders to defer sentences are interlocutory in nature and do not constitute final judgments. *State v. Stessman,* 460 N.W.2d 461, 462 (Iowa 1990); *State v. Anderson,* 246 N.W.2d 277, 279 (Iowa

1976). It is apparent that a trial court's intent should be given substantial deference. We note that, when a sentencing judge's intention is clear, an increase in the sentence to make it conform with that intention is constitutional. *United States v. Guevremont,* 829 F.2d 423, 428 (3d Cir. 1987). The trial court here clearly intended to sentence the defendant if he had been convicted of driving with a suspended license. Defendant should be sentenced accordingly.

A defendant's criminal record is a legitimate consideration in selecting sentence. *State v. Powell,* 400 N.W.2d 562, 565–66 (Iowa 1987). It was appropriate for the trial court to cause Brimacomb's sentence to conform with his two criminal convictions.

■ An alternative ground could support revocation under the facts here. In *State v. Darrin,* 325 N.W.2d 110, 114 (Iowa 1982), we held that authority existed to revoke probation of a defendant who fraudulently concealed his criminal record during sentencing. In *Darrin* the power to revoke probation extended to conduct that occurred prior to the probationary period. *See also* Annotation, *The Revocation of Probation Based on Defendant's Misrepresentation or Concealment of Information from Trial Court,* 36 A.L.R.4th 1182, 1184 (1985). We have noted, but have not relied upon, Brimacomb's tacit encouragement of the judge's misunderstanding of the criminal record. We think Brimacomb's participation in the misunderstanding was not necessary to accord the court authority to revoke deferred judgment and to impose sentence.

AFFIRMED.

---

**2.** Iowa Code § 907.1 provides in relevant part: "The court retains the power to pronounce judgment and impose sentence subject to the defen-dant's compliance with conditions set by the court as a requirement of the deferred judgment."