**STATE of Iowa, Appellee,**

v.

**Timothy M. DOLAN, Appellant.**

**No. 91–1962.**

Court of Appeals of Iowa.

Dec. 29, 1992.

Dennis D. Jasper of Stafne, Lewis, Jasper, Alexander & Preacher, Bettendorf, for appellant.

Bonnie J. Campbell, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., William A. Davis, County Atty., and Teri A. Sandeman, Asst. County Atty., for appellee.

Considered by OXBERGER, C.J., and HAYDEN and SACKETT, JJ.

OXBERGER, Chief Judge.

The State charged Timothy M. Dolan with operating a motor vehicle while intoxicated, "OWI", in violation of Iowa Code section 321J.2(1) (1989). As a result of a plea bargain, Dolan pleaded guilty to OWI on August 10, 1990. The district court entered an order deferring judgment and sentence, and placing Dolan on probation for one year. One condition of probation provided that Dolan "shall not be convicted of any moving violations, nor have any

pending at the end of the probationary period."

Dolan was not convicted of any moving violations during his probationary period. On the day of sentencing, Dolan informed the district court he had a pending charge in Illinois. Based upon this disclosure, the district court revoked Dolan's deferred judgment, entered judgment, and sentenced him to pay a $500 fine plus surcharge and court costs.

Dolan appeals.

Scope of Review

■ We review for an abuse of discretion. *State v. Darrin*, 325 N.W.2d 110, 113 (Iowa 1982).

Discussion

The central issue in this case is whether the district court abused its discretion in revoking Dolan's deferred judgment based solely upon a pending charge without any showing that the crime charged had been committed.

Iowa Code chapter 907 establishes guidelines regarding deferred judgments, deferred or suspended sentences and probation. In addition, case law governing parole and probation revocations is useful in evaluating a deferred judgment revocation.

Iowa Code section 907.3(2) (1991) provides, in pertinent part:

Upon a showing that the defendant is not fulfilling the conditions of probation, the court may revoke probation and impose any sentence authorized by law. Before taking such action, the court shall give the defendant an opportunity to be heard on any matter relevant to the proposed action.

■ When a deferred judgment is entered, the court retains the power to pronounce judgment and impose sentence subject to the defendant's compliance with conditions set by the court as a requirement of the deferred judgment. See Iowa Code § 907.1 (1991); *State v. Brimacomb*, 474 N.W.2d 805, 806 (Iowa 1991). Pending charges are a permissible consideration in revocation hearings. *See e.g. Rheuport v. State*, 238 N.W.2d 770, 772 (Iowa 1976). A

conviction is not required before revocation may occur. *State v. Hughes*, 200 N.W.2d 559, 562 (Iowa 1972). However, proof of the alleged violation must be established by a preponderance of evidence. *Id.* at 563; *Rheuport*, 238 N.W.2d at 772.

 We acknowledge the absolute necessity of requiring a defendant who has received a deferred judgment to obey the law. However, the supreme court's holdings in *Hughes* and *Rheuport* make it clear that proof of the alleged violation must be established by a preponderance of evidence in probation revocation hearings. We hold that rule also applies to deferred judgment revocations. The record shows the trial court did not give Dolan the opportunity to show he was not guilty of the pending charge. The trial court assumed the mere fact Dolan was charged with a new crime was sufficient grounds to justify revocation. We hold a pending charge, absent some showing the defendant actually committed the charged act, is not a sufficient basis to revoke a deferred judgment. The State must show there is sufficient evidence in the record from which a trial court could find, by a preponderance of evidence, the defendant committed the new crime. An admission of guilt by the defendant would satisfy this requirement. Accordingly, we remand this case for hearing consistent with the guidelines set forth in this opinion.

Dolan also argues his privilege against self-incrimination was violated by the district court's requirement that he had to disclose any charges pending against him.

In *State v. Calvert*, 310 N.W.2d 185, 189 (Iowa 1981), the court held consideration of the silence of an accused during a probation revocation hearing did not violate the fifth amendment privilege against self-incrimination. Likewise, the requirement Dolan disclose pending charges cannot be seen as a fifth amendment violation. Dolan consented to the terms of the deferred judgment prior to its entry in order to receive the benefits. The terms included submission of a sworn affidavit regarding any pending charges. Accordingly, we find no fifth amendment violation.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.

SCHLEGEL, J., takes no part.