# IN THE COURT OF APPEALS OF IOWA

No. 3-1216 / 13-0523
Filed February 5, 2014

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**FRANKIE LEWIS JR.,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Marlita A. Greve, Judge.

Frankie Lewis Jr. appeals from an order revoking his deferred judgment and the resulting judgment and sentence entered on his underlying convictions of delivery of and possession with intent to deliver a schedule I controlled substance (marijuana). **AFFIRMED.**

Courtney T. Wilson of Gomez May LLP, Davenport, for appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, Michael J. Walton, County Attorney, and Patrick McElyea and Kimberly Shepherd, Assistant County Attorney, for appellee.

Considered by Doyle, P.J., and Tabor and Bower, JJ.

**DOYLE, P.J.**

Frankie Lewis Jr. appeals from the concurrent five-year prison sentences imposed after his probation and deferred judgment were revoked. He claims the district court did not properly consider all evidentiary factors in revoking his deferred judgment and in imposing the prison sentence. We affirm.

Lewis was charged with three counts of drug-related offenses in August 2009. He pled guilty to two of the counts: delivery of and possession with intent to deliver a schedule I controlled substance (marijuana), in violation of Iowa Code sections 124.204(4)(m), 124.401(1)(d), and 703.1 (2009). At his sentencing hearing in February 2010, Lewis was granted a deferred judgment with supervised probation for a period of two years. Thereafter, Lewis entered an intensive-outpatient-treatment program for alcohol and drug abuse, and he successfully completed the program a month later.

In November 2010, the Iowa Department of Corrections filed an application for revocation of Lewis's probation for numerous probation violations. At the hearing on the application in February 2011, Lewis stipulated that he violated the terms of his probation as set forth in the report. The State advised the court that Lewis had a pending charge of domestic assault causing injury, and it requested the disposition of the revocation case be continued to a date following Lewis's trial on the pending charge. The court agreed, and disposition was continued.

The pending charge was later dismissed, and a hearing on the continued disposition of the revocation case was held in March 2011. There, the State, at Lewis's probation officer's request, asked that additional terms of Lewis's

probation be imposed by the court. The probation supervisor believed Lewis needed further treatment and possibly placement in the Residential Corrections Facility (RCF). The State and Lewis both requested the disposition be continued again so Lewis could start treatment and be screened for placement at the RCF. The court agreed, but it advised Lewis:

> I must say, in looking at the report of violation, I don't mean to be sarcastic, I mean to be direct, it might have been easier to list a number of rules that you followed rather than the number of rules that you violated. You are on extremely thin ice, young man, extremely thin ice. You've got the benefit of one of the world's best deals going here, you're on a deferred.
> . . . .
> . . . If you lose your deferred, you will have this conviction hanging on your neck literally like a millstone, like a great big anchor, for the rest of your life, and you don't want that. And neither does the State and neither does your attorney, and sure as heck neither does the court. If you get into the RCF, you're going to be lucky, but it's not easy. It's kind of like being in prison, it's kind of like giving you a taste of what it would be like if you went to prison, so please avail yourself, please do what you're supposed to do.

In April 2011, another hearing on the disposition of Lewis's revocation case was held. Lewis had been approved for placement at the RCF, and he agreed to be placed there when a spot opened up. The court amended Lewis's probation to include additional substance abuse treatment and completion of a program at the RCF.

In May 2011, a second probation violation report was filed against Lewis after he absconded from the RCF. A warrant was issued for his arrest. Lewis's whereabouts were unknown from that time until he was arrested in January 2013 and charged with second-degree criminal mischief and aggravated domestic

abuse assault. He pled guilty thereafter to operating a vehicle while intoxicated, and the assault-causing-bodily-injury charge was dismissed.

A probation revocation hearing was held in March 2013. Lewis's probation officer testified Lewis had been placed at the RCF on May 19, 2011, but he had absconded the next day and had remained out of contact with her since that time. His probation officer further testified about Lewis's recent convictions, and she recommended the court revoke his deferred judgment and order incarceration. Lewis admitted he absconded from the RCF, but he requested he be given another chance. He testified he was providing for his mother, and he stated he was getting ready to enroll in school to get his GED and resume AA. The court denied Lewis's request, explaining:

> I have had a chance . . . to look at your file and to listen to the testimony here, and I'm very concerned. You were . . . given an enormous opportunity in . . . February 2010. You pled guilty to this in December of 2009 and then you received a deferred judgment which is a gift from the court. You could have wiped . . . these felonies off your record.
> You violated the probation barely a month later. You had already violated. You come back in here at that point, and the court gives you another chance. All right. Maybe you need some help. We will let you finish the program at the RCF. You gave it one day and you walked out. Had you come back and tried to contact your . . . probation supervisor, had you made some type of attempt, then I would be more inclined to give you a second chance, but you absconded. You have been gone for over a year with no contact with your probation officer. Then you end up breaking the law and you wind up with three charges you pled guilty to. . . .
> So what I hear is a young man giving me a lot of excuses and wants to accept no responsibility and now . . . wants a second chance. You've not done anything since 2012. You have not told me you have gotten your GED. You never told me anything about any employment. You might be helping your mom, which is what a good son should do, but you have done nothing to change your lifestyle. I cannot in good conscience give you another chance, while you're out drinking and driving and committing assaults. You

don't deserve a second chance. It would be about the fourth chance, and you don't deserve that.

You need to get straight with yourself, you need to stop this, and you need to change or you will be looking at a lifetime in an institution. Because if you come out and you can't change what you are doing, you will be right back in.

The court found Lewis had violated his probation, and it revoked his deferred judgment. The court then sentenced Lewis to five years for each of his convictions, and it set the sentences to run concurrently.

Lewis now appeals. He contends the district court failed to give adequate, specific reasons for imposing incarceration. We disagree.

Generally, courts may consider a variety of factors to justify the imposition of a sentence, including rehabilitation of the defendant, protection of the community from further offenses by the defendant and others, *see* Iowa Code § 901.5, the defendant's age and criminal history, the defendant's employment and family circumstances, the nature of the offense, and "such other factors as are appropriate." *See* Iowa Code § 907.5. "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002); *State v. Dolan*, 496 N.W.2d 278, 279 (Iowa Ct. App. 1992). An abuse of discretion occurs only when "the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Formaro*, 638 N.W.2d at 720.

Upon our review of the record as a whole, we find no abuse of discretion. Here, the sentencing judge referenced Lewis's new convictions and his prior

probation violations as justification for the sentences imposed. Additionally, the court's explanation in revoking his deferred judgment and imposing sentences clearly shows it did consider Lewis's stated desires to obtain his GED and participate in substance abuse treatment in its decision, but the court did not believe him this time. From the get-go at Lewis's original sentencing, Lewis expressed a desire to continue with substance abuse treatment and to obtain an education, and the sentencing court gave him the opportunity to do so when it granted the deferred judgment. After Lewis first violated his probation, the court gave Lewis another chance, only to have Lewis abscond for over a year. We are reminded of the old proverb: "Actions speak louder than words." Lewis's stated desires are outweighed by his actions. We find the district court's decision was within statutory limits and was neither unreasonable nor based on insufficient or untenable grounds. The court properly considered and weighed numerous appropriate factors in arriving at a sentence, and it clearly stated valid reasons for the sentence imposed. The court's sentencing decision was well within its discretion, and we will not disturb it on appeal. Accordingly, we affirm Lewis's convictions and sentences.

**AFFIRMED.**