# IN THE COURT OF APPEALS OF IOWA

No. 14-0216
Filed October 28, 2015

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**KRISTINA SHINDELAR,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Winneshiek County, Margaret L. Lingreen, Judge.

Defendant appeals the district court order revoking her probation and sentencing her. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and Jean C. Pettinger, Assistant Attorneys General, and Andrew F. Vandermaaten, County Attorney, for appellee.

Considered by Doyle, P.J., Mullins, J., and Sackett, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SACKETT, Senior Judge.**

Defendant Kristina Shindelar, also known as Kristina Grotegut, appeals the district court order revoking her probation and sentencing her. Shindelar has not shown she received ineffective assistance because her defense counsel permitted her to admit to violating the terms of the probation agreement when there was not a factual or legal basis to show she had violated the agreement. Also, she has not shown she was denied her right to allocution during sentencing.

**I.      Background Facts and Proceedings**

Shindelar was charged with sexual abuse in the third degree, a class "C" felony, in violation of Iowa Code section 709.4(2)(c)(4) (2011). She pled guilty to the charge. The court granted her a deferred judgment and placed her on probation for one to two years.

On March 26, 2013, the court scheduled a probation-violation hearing based on a report Shindelar violated her probation as follows: (1) violating her curfew three times in May 2012; (2) violating her curfew on June 17, July 23, September 16, and September 17, 2012; (3) being unavailable for telephone contact by her probation officer on September 18, 2012; and (4) failing to attend the Moving-On Women Offender Program on October 5, 2012,.

On June 24, 2013, the State claimed Shindelar had violated her probation by: (1) failing to attend the Moving-On Women Offender Program on May 17 and June 7, 2013; (2) not staying current in paying her court-ordered fines; and (3) not cooperating with a scheduled maintenance polygraph.

On December 23, 2013, the State also claimed Shindelar had violated her probation by: (1) failing to attend scheduled maintenance polygraphs on August 28 and November 27, 2013; (2) not returning from a trip to a neighboring county in a timely manner; and (3) renting a home from Terry Grotegut, who was on probation. Moreover, on January 6, 2014, the State claimed Shindelar had violated her probation when she was terminated from her employment due to excessive absenteeism.

The probation-revocation hearing was held on January 14, 2014. The court asked Shindelar about each of these incidents and questioned whether she had violated the terms of the probation agreement. Shindelar acknowledged each of the incidents and stated they constituted a violation of the rules of the probation agreement. The court found she was in violation of the terms and conditions of her probation.

Shindelar's deferred judgment and probation were revoked. She was sentenced to a term of imprisonment not to exceed ten years. The court, however, suspended her sentence and placed her on probation for three to five years. She was also given a special sentence pursuant to Iowa Code section 903B.1. Shindelar now appeals.

## II.     Ineffective Assistance

Shindelar claims she received ineffective assistance because her defense counsel permitted her to admit to violating the terms of the probation agreement when there was not a factual or legal basis to show she had violated the agreement. She asserts the incidents raised by the State did not constitute

actual violations of the probation agreement. While she admits to the conduct alleged in the reports, she claims her conduct was not a violation of the probation agreement. She contends that if she had admitted to fewer violations, the court may not have revoked her deferred judgment.

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, a defendant must show (1) the attorney failed to perform an essential duty, and (2) prejudice resulted to the extent it denied the defendant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). A defendant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

Generally, claims of ineffective assistance of counsel are considered in postconviction-relief proceedings. *State v. Gaskins*, 866 N.W.2d 1, 5 (Iowa 2015). We resolve such claims on direct appeal only if the record is adequate to address the claim. *Id.* We conclude the record is adequate to address the claims raised by Shindelar in this direct appeal.

"Probation revocation is a civil proceeding and not a stage of criminal prosecution." *State v. Lillibridge*, 519 N.W.2d 82, 83 (Iowa 1994). Therefore, the rules of criminal procedure do not apply. *Id.* In order to revoke a defendant's probation, the court "must make findings which show the factual basis for the revocation." *Rheuport v. State*, 238 N.W.2d 770, 775 (Iowa 1976). The State must establish a violation of the probation agreement by a preponderance of the evidence. *State v. Dolan*, 496 N.W.2d 278, 280 (Iowa Ct. App. 1992). "Proof

beyond a reasonable doubt is not required." *State v. Kirby*, 622 N.W.2d 506, 511 (Iowa 2001). A defendant's probation may not be revoked "arbitrarily, capriciously, or without any information." *State v. Hughes*, 200 N.W.2d 559, 562 (Iowa 1972). A defendant's admission of guilt is sufficient to establish a factual basis. *Dolan*, 496 N.W.2d at 280.

Rule 7 of the probation agreement required that Shindelar:

7. Will initiate and maintain specific contact with the probation officer and will submit a written report as required; will notify the probation officer in advance if an appointment cannot be kept. Contacts include home visits. Will not lie to, mislead, or misinform the probation officer either by statement or omission of information.

The reports state Shindelar's telephone was unable to take calls on September 18, 2012, so she was unable to maintain contact with her probation officer. Shindelar misled or misinformed her probation officer when she stated she was renting a home from the State, when in fact she was renting from Terry Grotegut. Both of these incidents constitute a violation of rule 7.

Rule 8 of the probation agreement required that Shindelar, "Will actively cooperate with and participate in any referral programs as directed by the probation officer." Shindelar missed her scheduled group meetings with the Moving-On Women Offender Group on October 5, 2012, May 17, 2013, and June 7, 2013. Shindelar was not cooperative with a scheduled maintenance polygraph on June 19, 2013, and missed her appointments for scheduled maintenance polygraphs on August 28 and November 27, 2013. All of these incidents constitute a violation of rule 8.

Shindelar's probation agreement also contained the condition, "Will avoid associations with those individuals whom the probation officer deems to be detrimental to the probation." The reports state Shindelar was informed in October 2013 she was not to have contact with Terry Grotegut because he was on probation. In December 2013, however, Shindelar's probation officer learned she was renting a home from Terry Grotegut. Her conduct constitutes a violation of this special condition of the probation agreement.

The record shows Shindelar violated rule 7, rule 8, and the provision that she not associate with individuals who would be detrimental to her probation. We determine Shindelar has failed to show defense counsel breached an essential duty by permitting her to admit to these violations, as they are supported by the record.

Based on our findings on these grounds, we do not address the issue of whether Shindelar's conduct violated any additional rules of the probation agreement. Even without consideration of the other rules, the record shows she had multiple violations of the probation agreement. She has not shown the result of the proceeding would have been different if she had admitted to a fewer number of violations. We conclude she has not shown she received ineffective assistance of counsel.

## III. Allocution

Shindelar contends the district court abused its discretion by failing to allow her to exercise her right to allocution. Under Iowa Rule of Criminal Procedure 2.23(3)(d), before a defendant is sentenced, "counsel for the

defendant, and the defendant personally, shall be allowed to address the court where either wishes to make a statement in mitigation of punishment." The right of allocution is personal to the defendant. *State v. Nosa*, 738 N.W.2d 658, 660 (Iowa Ct. App. 2007).

After the parties agreed to go forward with sentencing at the probation revocation hearing, the court stated, "And I'll also certainly give you a chance, I guess, to tell me Ms. Shindelar, if there's anything you have to say." Some further discussion ensued, then the court stated, "Again, do either counsel have further recommendation for disposition beyond the recommendation jointly made to this Court?" Defense counsel and the prosecution responded in the negative. The court asked, "Ms. Shindelar, is there anything you want to—to tell me or state?" She replied, "No, Your Honor." We conclude Shindelar was not denied her right to allocution.

We affirm the decision of the district court.

**AFFIRMED.**