# IN THE COURT OF APPEALS OF IOWA

No. 16-0613
Filed August 16, 2017

**BRADLEY GREGG,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, Duane E.

Hoffmeyer, Judge.

Bradley Gregg appeals the denial of his application for postconviction

relief. **AFFIRMED.**

Zachary S. Hindman of Mayne, Arneson, Hindman, Hisey & Daane, Sioux

City, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee.

Considered by Danilson, C.J., Bower, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**DANILSON, Chief Judge.**

Bradley Gregg appeals the denial of his application for postconviction relief (PCR).[1] Gregg contends the PCR court erred in determining he is not entitled to a new trial on the basis of newly discovered evidence, in finding substantial evidence supports his conviction for utilizing a person under eighteen years of age to traffic a controlled substance, and in upholding the revocation of his probation. We find no error in the denial of Gregg's PCR application and therefore affirm.

On January 20, 2012, Gregg was convicted following a jury trial for utilizing a person under the age of eighteen to traffic a controlled substance (marijuana), in violation of Iowa Code section 124.406A (2011).[2] The person under the age of eighteen—J.S.—lived with Gregg for a period of time and testified Gregg utilized him to sell marijuana. On February 21, 2012, Gregg was sentenced to a ten-year term of incarceration on his conviction for utilizing a person under the age of eighteen to traffic a controlled substance. The ten-year sentence was suspended and Gregg was placed on probation. Gregg's conviction was upheld on direct appeal. Following issuance of procedendo on July 19, 2013, the district court entered a July 22, 2013 order directing Gregg to sign up for probation within ten days.

---

[1] Gregg filed PCR applications on March 12 and May 30, 2014, and a supplemental petition for PCR on November 13, 2015—all in the same case. Hearing was held February 25, 2016. In essence, the two applications and the supplemental petition were treated as a single PCR application. Thus, for purposes of our opinion, we will refer to the relief sought by Gregg as a single application.

[2] Gregg was also convicted of other charges not relevant to this appeal because Gregg only challenges his conviction for utilizing a person under the age of eighteen to traffic a controlled substance.

The State filed an application for revocation of probation On August 12, 2013, and an addendum to the revocation application on September 6, 2013. After a hearing, the district court entered an order on November 7, 2013, revoking Gregg's probation and imposing his ten-year sentence.

Gregg filed the PCR application. After an evidentiary hearing, the PCR court entered an order denying Gregg's PCR application. Gregg now appeals.

*1. Newly Discovered Evidence.* Gregg contends he is entitled to a new trial because he presented newly discovered evidence. "A postconviction action based on newly discovered evidence is reviewed for correction of errors at law." *More v. State*, 880 N.W.2d 487, 498 (Iowa 2016).

While incarcerated following the revocation of his probation, Gregg met Robert Johnson, a friend of J.S. who spent time with J.S. on five or six occasions during the time Gregg was said to be using J.S. to sell marijuana. Johnson testified when J.S. was picked up from locations other than Gregg's residence he smelled strongly of fresh marijuana, indicating he had a large amount of marijuana on his person he intended to sell. Johnson also testified J.S. did not smell of fresh marijuana when he was picked up from Gregg's house. Gregg argues this testimony shows J.S. did not receive marijuana from and did not sell marijuana for Gregg. Because Gregg learned of Johnson's connection to J.S. after his convictions, he argues Johnson's testimony constitutes newly discovered evidence entitling Gregg to relief under Iowa Code section 822.2(1)(d) (2014).

In order to establish a new trial is warranted on the basis of newly discovered evidence, the PCR applicant must show:

(1) that the evidence was discovered after the verdict; (2) that it could not have been discovered earlier in the exercise of due diligence; (3) that the evidence is material to the issues in the case and not merely cumulative or impeaching; and (4) that the evidence probably would have changed the result of the trial.

*Id.* at 499 (citation omitted). As to Johnson's testimony, the PCR court held:

Johnson's evidence does not establish that Gregg did not provide the marijuana to [J.S.] for distribution. Indeed, Johnson's evidence supported several aspects of [J.S.]'s story, including that [J.S.] was distributing marijuana at the time in question. Johnson did not know from where [J.S.] had received the marijuana. The evidence offered by Johnson does not directly controvert any of the facts found in the underlying case. The two sets of facts could, indeed, coexist without contradiction. It is therefore not probable that Johnson's testimony would have changed the outcome of the trial.

We agree Johnson's testimony does not sufficiently contradict J.S.'s testimony such that it probably would have changed the outcome of the trial. At most, the testimony could have been used at trial for impeaching purposes.[3] We cannot say Johnson's assumptions about the amount of marijuana on J.S.'s person and J.S.'s intent to distribute the marijuana based solely on Johnson's sense of smell constitute material evidence likely to change the result of the trial. *See id.* ("The standard for whether the evidence probably would have changed the result of the trial is a high one . . . .").

*2. Sufficiency of the Evidence.* Gregg also contends there we insufficient evidence for his conviction for utilizing a person under the age of eighteen to traffic a controlled substance. We have already ruled on this issue on Gregg's

---

[3] In his brief on appeal Gregg even states, "Indeed, Johnson's testimony strikes at the very same credibility issues that Gregg's trial counsel revealed during his cross examination of [J.S.]."

direct appeal[4] and that ruling is not subject to challenge now. *See* Iowa Code § 822.8 ("Any ground finally adjudicated . . . in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent [PCR] application . . . .").

*3. Probation Revocation.* Gregg alternatively asserts the district court abused its discretion in revoking his probation, and the PCR court erred in upholding the revocation.[5] Proof of alleged probation violations "must be established by a preponderance of evidence." *Dolan*, 496 N.W.2d at 280.

In the probation-revocation order, the district court determined Gregg violated the terms of probation by failing to keep his probation officer informed of his residence, living out of state, and failing to attend scheduled appointments with his probation officer on August 6 and 19 and September 4 and 5, 2013.

Although Gregg argued he missed the appointments due to travel for work, the district court noted Gregg's exhibits showed no pay check from July 19 to October 4. Gregg also contends he never received notice his appeal was final and did not know he was required to begin complying with the requirements of his probation. However, Gregg's and the probation officer's testimony at the probation-revocation hearing revealed Gregg communicated with the probation officer who clearly informed him of the requirements of probation—which he subsequently continued to fail to meet.

---

[4] *See State v. Gregg*, No. 12-0376, 2013 WL 2145981, at *2-3 (Iowa Ct. App. May 15, 2013).

[5] *See Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003) (stating PCR actions are "ordinarily reviewed for errors at law" (citation omitted)); *see also State v. Dolan*, 496 N.W.2d 278, 279 (Iowa Ct. App. 1992) (stating our review of a probation revocation is for an abuse of discretion).

The PCR court held the district court did not abuse its discretion in revoking probation because "Gregg clearly failed to comply with the most basic requirements of probation, including attending schedule appointments, providing proof of employment, and living within the State of Iowa."

On our review of the record, we find the probation violations were established by a preponderance of the evidence. Gregg does not deny he missed the appointments with his probation officer and only provides reasons why he believes his absences should have been excused. We agree the district court did not abuse its discretion in revoking Gregg's probation, and the PCR court did not err in upholding the revocation.

Because Gregg has not presented newly discovered evidence requiring a new trial and has not shown the PCR court erred in upholding the revocation of Gregg's probation, we affirm the denial of Gregg's PCR application.

**AFFIRMED.**