# IN THE COURT OF APPEALS OF IOWA

No. 20-1602
Filed September 1, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRIANA NICOLE JENKINS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Brendan E. Greiner,

District Associate Judge.


        Briana Jenkins appeals the revocation of her deferred judgment.

**AFFIRMED.**


        Susan R. Stockdale, Ankeny, for appellant.

        Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney

General, for appellee.


        Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**BOWER, Chief Judge.**

Briana Jenkins appeals the revocation of her deferred judgment and imposition of sentence. We find the district court did not abuse its discretion in revoking the deferred judgment or in imposing sentence, and affirm.

**I. Background Facts & Proceedings.**

In December 2019, after leaving the courthouse from a hearing, Jenkins followed Ieshia Evans and DeSean Waldrip's vehicle, driving recklessly and coming dangerously close to their vehicle.[1] A criminal complaint was filed in early January, and temporary protective orders were issued against Jenkins.[2]

On April 8, 2020, pursuant to a plea agreement, Jenkins pleaded guilty to two counts of assault while displaying a dangerous weapon.[3] In her plea, Jenkins admitted "I intentionally drove my vehicle dangerously close to victims' vehicle in a manner that would cause fear to victim. Both victims were in victims' vehicle." The court accepted Jenkins's pleas, deferred judgment, and placed Jenkins on probation for two years. The protective orders were modified to remain in effect until 2025.

Jenkins repeatedly violated the temporary and later permanent protective orders. On April 3, she met with Waldrip regarding their child.[4] In July, she called in a false welfare check on Evans, who was caring for the child, resulting in home

---

[1] Jenkins has filed multiple small claims against Evans and Waldrip, and she is in a custody battle with Waldrip for their shared child.
[2] Separate protective orders already existed listing Jenkins as the protected party from Evans and Waldrip.
[3] Three additional charges were dismissed following Jenkins's plea.
[4] Although stipulating to this violation on April 8, she self-reported the violation again to police in May.

visits from law enforcement and the department of human services.[5] The court found Jenkins in contempt, sentenced her to jail time for each protective order violation, and continued her probation.

Despite the contempt sentences, Jenkins violated the protective orders three more times in September. In an additional probation violation, she failed to contact her probation officer one week that month. When Jenkins turned herself in to the police for the violations, she arranged alternate care for her children—she did not place the younger child with Waldrip as required by an August custody order.[6] As a result, in October an additional charge was filed for violating the custodial order. Because Jenkins continued to violate the protective orders, her probation officer recommended her deferred judgment be revoked and sentence be imposed.

Jenkins stipulated to the probation and protective-order violations. At the combined probation-violation and protective-order-violation hearing, the court took judicial notice of the pending custodial-order-violation charge. The court heard testimony relating to the pending charge and found by a preponderance of evidence she violated a custodial order. The court found Jenkins guilty of the underlying assault charges, revoked her probation, and sentenced her to consecutive two-year prison terms set to begin after she served ninety days in jail for contempt. The court observed, "[Jenkins] is not a good candidate for continued

---

[5] The July violation resulted in a criminal charge of harassment by communication.
[6] An August 2020 custody order provided "if [Jenkins] becomes incarcerated due to her pending Polk County criminal charges, the minor child of the parties . . . shall be cared for by [Waldrip] during the time of [Jenkins]'s incarceration."

probation due to the multiple violations of court orders and for intentionally endangering the well-being of her child."

Jenkins appeals.[7]

## II. Standard of Review.

We review the revocation of a deferred judgment for an abuse of discretion. *See State v. Dolan*, 496 N.W.2d 278, 279 (Iowa Ct. App. 1992). "An abuse of discretion occurs when the court exercises its discretion on grounds or for reasons that are clearly untenable or unreasonable." *State v. Covel*, 925 N.W.2d 183, 187 (Iowa 2019).

## III. Analysis.

The district court applies a two-step analysis in revocation decisions: first, determine whether the person has violated a condition of probation, and, if so, decide whether prison or other steps should be taken to protect society and promote rehabilitation. *Id.* "Pending charges are a permissible consideration in revocation hearings." *Dolan*, 496 N.W.2d at 279. A conviction is not necessary before revocation, but "proof of the alleged violation must be established by a preponderance of evidence" in probation and deferred judgment revocation hearings. *Id.* at 279–80.

When the court revokes probation, the court may "require the defendant to serve the sentence imposed or any lesser sentence, and, if imposition of sentence

---

[7] Iowa Code section 814.6 (2019 Supp.) limits the right to appeal from a guilty plea with an exception where the defendant establishes good cause. Because it arises after the guilty plea is accepted, the revocation of a deferred judgment provides a legally sufficient reason to appeal. *State v. Thompson*, 951 N.W.2d 1, 5 (Iowa 2020).

was deferred, may impose any sentence which might originally have been imposed." Iowa Code § 908.11 (2020). "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

Jenkins does not dispute the probation violations but argues "the court had other options that would have protected the community and aided in the rehabilitation of Ms. Jenkins." Jenkins claims the court should have either continued her probation or sentenced her to a residential facility to protect the community and aid in her rehabilitation.

Jenkins had already been found in contempt in July for multiple protective order violations. She was allowed to continue on probation, yet chose to initiate further contact that violated the protective orders, and again violated the terms of her probation. The court also found her pending charge for violating the custodial order was established by a preponderance of the evidence. The court observed Jenkins behavior had "started spiraling out of control" and she "do[es]n't really respect the authority of the court."

Given her multiple protective-order and probation violations in a short period of time, the court acted within its discretion to determine the deferred judgment and probation were not protecting the community or serving to rehabilitate Jenkins. The court did not abuse its discretion in revoking Jenkins's deferred judgment. At sentencing, Jenkins only requested the continuation of her probation—no mention was made of a residential facility placement. The sentences imposed by the

district court were within the statutory limits and cannot be considered unreasonable, nor were they based on untenable reasons. The district court did not abuse its discretion in imposing the statutory sentence of imprisonment.

**AFFIRMED.**