# IN THE COURT OF APPEALS OF IOWA

No. 21-0692
Filed January 27, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JAYMES DONALDE GOODSELL,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris (revocation of deferred judgment), and Linda M. Fangman (sentencing), Judges.

Jaymes Donalde Goodsell appeals the revocation of his deferred judgment and the sentence imposed. **AFFIRMED.**

Daniel M. Northfield, Urbandale, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Greer and Badding, JJ.

**BOWER, Chief Judge.**

Jaymes Donalde Goodsell appeals the revocation of his deferred judgment and the sentence imposed. We affirm.

In October 2017, Goodsell pleaded guilty to third-degree sexual abuse, in violation of Iowa Code section 709.4(1)(b)(3)(d) (2017), after impregnating a fourteen-year-old. Goodsell was nineteen years old at the time and knew the child's age. He received a deferred judgment and was placed on probation for two to five years, followed by placement on special probation under Iowa Code chapter 903B with the conditions that he follow the requirements of the sex-offender registry and complete sex-offender treatment. In November, he traveled to Minnesota with a different fourteen-year-old "girlfriend" to live with her family, violating his probation. As a result, a probation violation report recommended Goodsell's deferred judgment be revoked and he be sentenced to prison. An arrest warrant was issued.

In December, Goodsell was arrested on new felony charges in Minnesota and was convicted of kidnapping and soliciting a child to engage in sexual conduct. He was incarcerated in Minnesota until February 2021. Upon his release, he was returned to Iowa on a warrant for his probation violations.

At his probation revocation hearing in March, Goodsell admitted he violated his probation with his Minnesota conviction. Goodsell requested he be allowed to remain on probation and participate in sex-offender treatment. The court revoked Goodsell's deferred judgment and set the matter for sentencing. Before the sentencing hearing, Goodsell underwent two sex-offender risk assessments, each of which suggested he was at high risk to reoffend.

At the sentencing hearing, the court imposed the statutory ten-year prison sentence and a lifetime special sentence under Iowa Code chapter 903B. The court did not grant Goodsell's request to count his Minnesota sentences as time served, instead ordering the sentence run consecutive to the Minnesota offenses. Goodsell appeals.

We review the revocation of a deferred judgment for an abuse of discretion. *See State v. Dolan*, 496 N.W.2d 278, 279 (Iowa Ct. App. 1992). "An abuse of discretion occurs when the court exercises its discretion on grounds or for reasons that are clearly untenable or unreasonable." *State v. Covel*, 925 N.W.2d 183, 187 (Iowa 2019).

At his original sentencing, the district court gave Goodsell a second chance, deferring judgment and placing him on probation. The district court may revoke a deferred judgment if the person has violated a condition of probation and the court decides revocation is the appropriate step to protect society and promote rehabilitation. *See id.* Goodsell admitted he violated his probation with the convictions in Minnesota. Furthermore, Goodsell committed the same type of offense against a different child less than two months after the Iowa court deferred judgment. Under these circumstances, the court did not abuse its discretion by revoking Goodsell's deferred judgment.

At sentencing, Goodsell requested probation rather than a sentence of imprisonment, stating he had secured a placement in a transitional facility and employment. We review a sentence within the permissible statutory limits for an abuse of discretion. *State v. Wilson*, 941 N.W.2d 579, 585 (Iowa 2020). Goodsell does not suggest the district court relied on any untenable or unreasonable

grounds in imposing sentence, nor do we discern any on this record. Sentencing decisions of the district court are cloaked with a strong presumption in their favor. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). The court did not abuse its discretion in imposing the statutory sentence.

**AFFIRMED.**