# IN THE COURT OF APPEALS OF IOWA

No. 24-1011
Filed April 23, 2025

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**BRIAN THOMAS BRANDEL,**
      Defendant-Appellant.
_____

      Appeal from the Iowa District Court for Dubuque County, Monica L. Ackley, Judge.

      A defendant appeals the revocation of his deferred judgment and sentence.

**AFFIRMED.**

      Christopher C. Fry and Alyssa M. Carlson of O'Connor & Thomas, P.C., Dubuque, for appellant.

      Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

      Considered without oral argument by Ahlers, P.J., and Badding and Buller, JJ.

**BADDING, Judge.**

"Oh, what a tangled web we weave, when first we practice to deceive!"[1]  The district court revoked Brian Brandel's deferred judgment for first-degree fraudulent practices and imposed a prison sentence after finding that Brandel had "outright lied" to the court.  Brandel appeals,[2] claiming that the State failed to prove he violated his probation and the court's sentence was excessive.  Finding no abuse of the court's discretion, we affirm.

During the COVID-19 pandemic, landlord Brian Brandel submitted fraudulent applications to the Iowa Finance Authority for rental assistance funds. Upon discovering Brandel's fraud, the State charged him with first-degree fraudulent practices.  Brandel pled guilty to that charge in November 2023 and agreed to repay the amount he had received—$15,467.  If Brandel made the payment before January 1, 2024, the State agreed to join in Brandel's request for a deferred judgment.

Brandel mailed a check for $15,467 by that deadline.  So at his sentencing hearing in late January, the State asked the district court to grant Brandel's request for a deferred judgment, noting: "The fact that he pled guilty and is willing to accept the punishment says a lot just about his character. . . .  Also very important is the fact that he did repay our State back for the money that he got from filling out those

---

[1] Sir Walter Scott, *Marmion* (1808).
[2] *State v. Thompson*, 951 N.W.2d 1, 5 (Iowa 2020) (finding good cause to appeal following guilty plea where defendant was challenging "the order revoking her deferred judgment and entering a judgment of conviction and sentence").

applications." The district court reluctantly went along with that recommendation, telling Brandel:

> I do think it was a very big hardship on landlord and tenant situations because of your inabilities, because people couldn't go to work, people couldn't pay you, and you're the one standing there holding the bag. That is the only reason that I'm not putting you in prison. . . .
> The second reason, sub to that, is that you paid the money back.

But Brandel hadn't actually paid the money back.

In May, the State applied to revoke Brandel's deferred judgment when it learned that his check for $15,467 "did not clear the bank." Brandel claimed this was accidental, asserting that he "had taken out a loan to pay the restitution amount but the loan funds did not clear his bank" before the check was deposited. That was a lie too. When Brandel's bank records were subpoenaed, the State saw that Brandel "never had sufficient funds in his account to cover the check for the restitution."

At the hearing on the State's application, the prosecutor asked the court to

> revoke his deferred [judgment]. I'm not going to ask to send him to prison, but I do think that the significant time that the Court has spent, that I've spent, this investigator has spent, because of his dishonesty, I think a significant fine, community service, I would ask for the maximum amount of formal probation for the 5 years, and him losing the deferred judgment.

In response, defense counsel stated that while Brandel did not contest the State's assertion that his first check was rejected, he wanted to provide context to show "that he had no malicious intent." Counsel explained,

> Mr. Brandel is 56 years old. He has no prior criminal record and has prior to this no experience with the criminal justice system. When he pleaded guilty, he had the intent to mak[e] right and to fully comply with the plea agreement. . . . At the same time, Mr. Brandel was

experiencing a great deal of shame and anxiety. He was in a precarious financial position. When he sent the check, he had every intention of getting the money, but he was in a place where he could not tell somebody that he needed help. Mr. Brandel now realizes that he should have asked for help in the meantime. He has since made full restitution. . . .

Brandel accordingly asked the court to deny the State's request to revoke his deferred judgment and continue him on probation.

The district court declined to do so, ruling "the most important thing" it had considered in granting Brandel a deferred judgment was

the fact that you were taking the brunt end of the problems with COVID and the fact that you . . . had paid the restitution. I said, "This is the only reason I'm not putting you in prison," because normally, this is the type of offense where I think something needs to be set. You would have unfortunately been a person I set it for.
. . . .
I wasn't going to give you a deferred in the first place. You would have been going to prison but for [the prosecutor] telling me that. . . . And you outright lied to me. . . . [Y]ou were deceitful when you filed the application, you were deceitful when you talked to me in the courtroom, you were deceitful when you negotiated with her to get this deal, and then you were further deceitful when you had your attorney relay information about a loan that didn't exist.

With that explanation, the court revoked Brandel's deferred judgment and imposed an indeterminate prison sentence of ten years. We review those decisions for an abuse of discretion. *Thompson*, 951 N.W.2d at 4 ("We will overturn a revocation of probation only if there has been an abuse of discretion."); *State v. Headley*, 926 N.W.2d 545, 549 (Iowa 2019) (applying an abuse of discretion standard when the sentence challenged is within statutory limits).

Brandel first claims that because repayment of the $15,467 was not a condition of his probation, the State failed to prove that he violated his probation. *See State v. Covel*, 925 N.W.2d 183, 187 (Iowa 2019) (stating the first step in a

probation revocation "is determining whether the person has acted in violation of one or more conditions of [their] probation"). We agree with the State that a similar argument was rejected in *State v. Brimacomb*, where the district court granted the defendant a deferred judgment after "relying on information which later proved to be false"—the defendant's eligibility for a deferred judgment. 474 N.W.2d 805, 805–06 (Iowa 1991). Our supreme court found the revocation "fit well within" the district court's authority under Iowa Code section 907.1 (2024),[3] even though it had "nothing to do with a program of probation," because "orders to defer sentences are interlocutory in nature and do not constitute final judgments." *Id.* at 806. The court also reasoned that the sentencing court's "intent should be given substantial deference." *Id.*; *see also State v. Darrin*, 325 N.W.2d 110, 113 (Iowa 1982) ("[I]f the defendant fraudulently conceals information from the sentencing court that may have significantly influenced the trial court not to grant the probation, the court does not abuse its discretion in revoking the probation."). The court's intent here was clear: it would not have granted Brandel a deferred judgment had he not paid the money back.[4] We find no abuse of the court's discretion in revoking Brandel's deferred judgment.

Brandel next claims the indeterminate ten-year prison sentence was excessive. Because that sentence was within the statutory range of permissible

---

[3] Section 907.1(1) states that the court "retains the power to pronounce judgment and impose sentence subject to the defendant's compliance with conditions set by the court as a requirement of the deferred judgment."

[4] Brandel does not argue that the district court relied on an improper sentencing consideration when it conditioned a deferred judgment on his payment of pecuniary damages, often referred to as "victim restitution," so we express no opinion on that issue.

sentences, it "is cloaked with a strong presumption in [its] favor." *State v. McCalley*, 972 N.W.2d 672, 677 (Iowa 2022) (citation omitted). "Our task on appeal is not to second-guess the sentencing court's decision." *Id.* (citation omitted). Yet that is exactly what Brandel asks us to do in asserting that the court improperly weighed his age and lack of criminal history and "exaggerated the nature of the crime." While the court did not give the same weight to the factors that Brandel does on appeal, the "right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard." *State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983).

In deciding to send Brandel to prison, the court emphasized the effect of Brandel's financial crime on members of the community and its need to protect the community from such offenses. *See* Iowa Code §§ 901.5, 907.5(1). But the court's main consideration was Brandel's deceit throughout these proceedings: "You took a great deal of advantage of a program that was supposed to help people, and then you lied again." Brandel does not argue this was improper. Instead, he contends the court disregarded mitigating factors, like his "character and chances of reform." We reject this argument for three reasons. First, these factors may have actually been aggravating ones considering Brandel's continuing deceit. As the State puts it on appeal, "On top of stealing money from the State of Iowa, Defendant tried to steal a better outcome for himself." That does not bear well on Brandel's character or chances of reform. Second, while defense counsel urged the court to consider these factors at the sentencing hearing, the court is not "required to specifically acknowledge each claim of mitigation urged by a defendant." *State v. Boltz*, 542 N.W.2d 9, 11, (Iowa Ct. App. 1995). And a "failure

to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." *Id.* Third, although Brandel thinks that these factors justified a more lenient sentence, "it is equally clear under our standard of review that the district court was justified in imposing incarceration." *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002).

Because the district court did not abuse its discretion in revoking Brandel's deferred judgment or sentencing him to prison, we affirm.

**AFFIRMED.**